## J. H. Faucett v. A. M. Sheppard.

### Decided December 22, 1900.

**1. Trespass to Try Title—State School Land—Burden of Proof.**

Where plaintiff in trespass to try title sues by virtue of his application as an actual settler to purchase an additional section of State school land, it is incumbent on him to prove that such additional section is within a radius of five miles of the section on which he resides, and this will not be inferred in aid of the judgment from the fact that his application was rejected on other grounds.

**2. Same—Error as to Payment.**

Where an actual settler living on State school land has duly applied to purchase it, and filed his obligation as required by law and forwarded the amount of the first payment to the State Treasurer, the fact that, through mistake, the Treasurer had returned a small part of the money to him could not defeat his right as a purchasing settler, to buy additional school lands.

APPEAL from Taylor. Tried below before Hon. N. R. LINDSEY.

*J. M. Wagstaff* and *Theodore Mack*, for appellant.

*A. H. Kirby* and *R. E. Chandler*, for appellee.

CONNER, CHIEF JUSTICE.—This is a contest between rival claimants to section 134, block 64, Houston & Texas Central Railway Company surveys in Taylor County, Texas. Appellee was an applicant for the purchase of said section as the owner of and an actual settler upon the northeast quarter of section 146, block 64, of the same surveys, the application being for the purchase of additional lands under the Act of 1895, as amended in 1897. Appellant likewise was an applicant to purchase said section 134 as additional land under the same law. The land

had been duly classified, appraised, and listed with the county clerk prior to the application of either of the parties. The appellant's application to purchase was dated October 21, 1897. The appellee made his application, affidavit, and obligation on August 20, 1897, and filed the same in the General Land Office on August 23, 1897, at the same time tendering to the State Treasurer the amount required for the first payment. Appellee's application was rejected on the alleged ground that his application was on the blank form prescribed under the Act of 1895, instead of that prescribed by the Act of 1897; and also because the land was leased to E. B. Sparks, and appellee had failed to file an affidavit that the lessee had not settled on the same and had not placed improvements thereon of the value of $200; and also because the total of appellee's first payment on his said home tract was not in the treasury. The application of appellant was accepted. The trial in the District Court resulted in a verdict for appellee, from which this appeal has been prosecuted.

Appellant's first assignment of error questions the sufficiency of the evidence to sustain the judgment in appellee's favor, and we are of the opinion that the assignment must be sustained. Appellee was the plaintiff below, having sued in the ordinary form of trespass to try title. It is expressly provided in the law constituting appellee's right to purchase that "in all cases where a settler purchases more than one section, the land in excess of one section so purchased must be situated within a radius of five miles of the land occupied by him." Sayles' Civ. Stats., 1897, art. 4218f. The case comes before us on an agreed statement of facts duly approved by the trial judge, and duly certified to contain "a full, true, and correct statement of all of the facts proven on the trial," and we fail to find contained in the statement of facts any proof that the section of land involved in this controversy is situated "within a radius of five miles of the land occupied" by appellee. It is insisted that this fact is to be inferred by us in aid of the judgment, and because appellee's application was rejected by the Commissioner of the General Land Office upon other grounds. This we do not think we can properly do. One of the prerequisites to appellee's right to purchase was that the land should be within the radius prescribed by law, and this fact should not rest upon a mere inference. The burden was upon appellee to establish this fact by competent evidence, and we do not feel that we would be authorized in supporting the judgment under consideration upon the inference suggested.

Other assignments need not be noticed particularly. They have been examined, however, and we find nothing in the form of appellee's application to purchase that would preclude his recovery. See Live Stock Co. v. Guin, 51 S. W. Rep., 885. Nor can we agree with the appellant's contention that appellee was precluded for want of title in his home quarter section. While it is doubtless true that an applicant for the purchase of additional lands under the section quoted must establish, as one of the necessary steps in his right to such purchase, the fact that

he is an actual settler upon and the owner of his home section, yet in the case before us it appears that appellee was such actual settler; that he had duly applied to purchase the same; that he had properly executed his obligation therefor as provided by law and filed the same with the Commissioner of the General Land Office, and that he had forwarded to the State Treasurer the necessary amount for the first payment. Of the amount so forwarded to the Treasurer it appears, however, that the sum of $2 had been returned to him. This was evidently done through some oversight or mistake of the Treasurer or the Commissioner of the General Land Office. We do not think such mistake on the part of the officers could defeat appellee's right to purchase additional lands after actual receipt by the Treasurer of the amount required; in addition to which it also appears from the record that appellee used every effort on his part to again transmit the $2 deficit when informed that it would be necessary. We think it quite clear from the record that appellee did not abandon the purchase in controversy.

For the failure in the evidence stated, the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*