### J. H. FAUCETT V. A. M. SHEPPARD.

Decided June 13, 1903.

**School Lands—Application to Purchase.**

A tract of State school land was appraised at $2.50 per acre, but through mistake the purchaser's application stated the price as $2 per acre, and his obligation was given for the unpaid part of the purchase money at that price. The Land Commissioner, having discovered the mistake, notified the purchaser, who thereupon executed his obligation for the proper amount on the basis of $2.50 per acre as the price and the Commissioner changed the figures in the application so as to show the proper price. Held, that the purchaser's right to buy additional school lands could not be defeated by showing such mere irregularity in the title to his home section.

Appeal from the District Court of Taylor. Tried below before Hon. N. R. Lindsey.

*J. M. Wagstaff,* for appellant.

*Leggett & Kirby* and *R. E. Chandler,* for appellee.

CONNER, CHIEF JUSTICE.—On a former appeal a judgment in this case in appellee's favor was reversed on the sole ground that the evidence failed to show that the section of State school land in controversy was within a radius of five miles of appellee's home section. See Faucett v. Sheppard, 60 S. W. Rep., 276, to which we refer for statement of the case. This fact, however, was proven on the trial from which the present appeal was taken, and it is now insisted that appellee's application to purchase, which was prior to that of appellant's, is invalid because appellee's title to his home section is void in that in his application to purchase the same on March 2, 1897, in the column of "prices per acre" appellee gave the price as $2, whereas it had theretofore been duly appraised at $2.50 per acre, and in that appellee's obligation had then been given for the remaining purchase money at the rate of $2 per acre. The facts, which are undisputed, show, however, that the misdescription noted as to price was induced by a letter from the Commissioner of the General Land Office, and that soon thereafter, and prior to the application of either party to purchase the land in controversy, the Commissioner discovered and notified appellee of said mistake in the statement of price, whereupon appellee forthwith executed and forwarded obligation for the proper amount, which was received by the Commissioner and by him attached to the application in lieu of the original obligation; the Commissioner at the same time writing the figure 5 over the 0 in the application, so that in said column of "prices per acre" the proper appraised price of $2.50 per acre appeared, and thereupon award was made.

Appellee's title to his home section was in all other respects regular, and we see no force in the contention that the proceedings above noted

render such title void. It would certainly be lamentable if the title of purchasers of our school lands could be held void because of matter at most constituting mere irregularities. The erroneous statement of the appraised value of appellee's home section in his application to purchase it was entirely immaterial. The law does not require the application to show the price of lands sought to be purchased. The only requirement in this particular is that the land desired shall be described. Nor does the law require the obligation to be filed at the same time as the application, nor as part of it. It is sufficient that it was shown beyond dispute that the proper obligation was in fact filed with the application and accepted by the Commissioner before the award was made, there being no intervening right. We conclude that appellee had good title to his home section, and that he was an actual settler thereon at all times involved, and as such qualified to purchase as additional thereto the section in controversy.

It follows that we should affirm the judgment, the remaining questions now presented having been determined adversely to appellant's contention on the former appeal, and the admitted facts showing, as we conceive, prior and superior title in appellee to the land in controversy.

The judgment is affirmed.

*Affirmed.*