HEDVIG SCOW

*v.*

THE SUPREME COUNCIL OF THE ROYAL LEAGUE.

*Opinion filed October 23, 1906.*

BENEFIT SOCIETIES—*when suicide by-law is valid.* A by-law of a benefit society providing that "if any member shall die by his own act or hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate," is valid and binding as to a member who was admitted to the society before the adoption of the by-law and who had agreed in his contract to be bound by all by-laws then in force or thereafter adopted.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

A. W. FULTON, for plaintiff in error.

MANN & MILLER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action upon a benefit certificate issued by the Supreme Council of the Royal League to Christ Scow, husband of plaintiff in error. The declaration contained one count, in which the benefit certificate was set out *in hæc verba.* Defendant filed the general issue and three special pleas. The first special plea averred, that for the purpose of obtaining beneficial membership in defendant in error Christ Scow signed the following statement and agreement in the medical examiner's blank: "If accepted as a member I agree to comply with, and that my membership and all interests of the persons entitled to such benefits shall be subject to, all laws, rules and usages now in force in the order or which may be hereafter adopted by it." The plea averred that in the benefit certificate delivered to and accepted by Christ Scow it was provided and agreed that he should thereafter comply with the laws, rules and regulations then governing Logan Council or that might thereafter be enacted by the said Supreme Council of the Royal League; that at the time of the death of Christ Scow there was in full force and effect the following by-law, to-wit: "If any member shall die by his own act or hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate." The plea then avers that Christ Scow died by his own act and hand, June 1, 1899, being sane at the time; that by reason thereof defendant was only liable to pay one-half the face value of the certificate, and that it did on the first day of August, 1899, pay plaintiff in error $1000, which she accepted in full settlement and discharge of the liability of defendant in error by virtue of said certificate and surrendered the same up to defendant in error. The second special

223—3

plea sets up substantially the same matters a little more fully and elaborately. The third special plea avers that August 1, 1899, the amount due plaintiff being unliquidated and in dispute, the defendant paid her $1000 upon condition that she accept it in full satisfaction and in discharge of all liability under the benefit certificate; that the plaintiff then and there accepted the same upon said terms and conditions and surrendered said certificate, receipted and endorsed. Replications were filed to these pleas, issues joined and a trial had by jury. At the close of all the evidence the court directed the jury to find the issues for plaintiff and assess her damages at $1220, which was accordingly done. From the judgment rendered on the verdict defendant in error appealed to the Appellate Court. That court reversed the judgment of the trial court without remanding the cause, and the case is brought to this court by plaintiff below on writ of error.

Christ Scow became a member of the defendant in error society July 16, 1894. The medical examiner's blank which was signed by him contained the statement and agreement set out in the first special plea above quoted. The benefit certificate issued to said Scow provided: "This certificate is issued to Christ Scow, of Logan Council No. 21 Royal League, located at Chicago, Illinois, upon evidence received from said council that he is a contributor to the widows' and orphans' benefit fund of this order, * * * and upon condition that the said member complies in future with the laws, rules and regulations now governing the said council and fund or that may hereafter be enacted by the supreme council to govern said council and fund, all of which are also made a part of this contract. These conditions being expressly assented to and complied with, the Supreme Council of the Royal League hereby promises and binds itself to pay * * * to Hedvig Scow, wife, a sum not exceeding $2000, in accordance with and under the provisions of the law governing said fund, * * * provided that said member is in good standing in this order at the time of his death." At the

time this certificate was issued to Scow the following by-law of defendant in error was in force:

"Sec. 4. If any member shall, within two years subsequent to his admission into the order, die by his own act or hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate."

This by-law was amended July 1, 1897, so as to read as follows: "If any member shall die by his own act or hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of his benefit certificate."

Christ Scow came to his death June 1, 1899, by hanging himself with a rope. That he committed suicide is not questioned. Plaintiff in error contends that the by-law in force at the time of his death, with reference to a member dying by his own act, did not apply to his certificate because adopted after it had been issued to him upon his becoming a member of defendant in error,—first, because it does not purport to be retrospective in its application; and second, if it did, it would be unreasonable and therefore void.

It will be observed the by-law reads, "If any member shall die by his own act or hand," etc. There are no words expressly saying it should apply to those who had become members before the by-law was adopted nor limiting it to those who might become members afterward. The words used in the by-law should be given their usual and ordinary meaning and sense. In the sense in which "any" is used in the by-law it is broad enough to embrace all members, and this without regard to the time they became such. The original by-law made the society liable for one-half the benefit if a member committed suicide within two years after his admission into the order. Under that by-law, suicide after a membership of two years did not affect the liability of the order to pay the full face of the certificate. The later by-law eliminated the two-year clause and exempted the order from liability for more than one-half the face value of the certificate if a member committed suicide at any time. While

the later by-law embraced all members of the association, it had reference only to acts of members committed after its adoption that would affect the rights of beneficiaries under the certificates. That such a by-law as the one here involved is valid and reasonable is sustained in *Seitzinger* v. *Modern Woodmen,* 204 Ill. 58, and cases there cited, and *Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340. That a member of an association like defendant in error, who agrees to abide by and be governed by subsequently adopted by-laws, is bound by them unless they are unreasonable, is held in *Fullenwider* v. *Royal League,* 180 Ill. 621, *Moersch-baecher* v. *Royal League,* 188 id. 9, *Supreme Lodge Knights of Pythias* v. *Trebbe,* 179 id. 348, *Supreme Lodge Knights of Pythias* v. *Kutscher, supra,* and *Baldwin* v. *Begley,* 185 Ill. 180. In the latter case it was said: "A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed." In the *Fullenwider case, supra,* the court said: "The contract requiring compliance with any by-laws that might be thereafter enacted and the certificate being accepted with such a clause therein, there is no vested right of having the contract in the certificate remain unchanged, because the recognition of the power to make new by-laws is necessarily a recognition of the right to repeal or amend those theretofore made."

The passage of the by-law July 1, 1897, did not deprive the assured of any vested right, and the conclusion we have reached as to the effect of the by-law on the certificate of Christ Scow renders unnecessary any discussion of the other questions raised in the case.

The beneficiary named in the certificate sued on having been paid all she was entitled to receive before suit was brought, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*