[No. 11621.    Department Two.    April 22, 1914.]

FLORETTA KLEIN, *Respondent,* v. KNIGHTS AND LADIES OF
SECURITY, *Appellant.*[1]

INSURANCE—MUTUAL BENEFIT INSURANCE—CHANGE OF CONTRACT—AMENDMENTS—VESTED RIGHTS.    A member of a fraternal beneficiary association has no vested right that precludes the association from amending the suicide clause by extending the limited liability to five years after issuance of the certificate, in place of the two years originally provided, where his application and certificate and the laws of the association provided that he abide by all the laws now in force or that may be hereafter enacted; since the right to amend was expressly reserved and assented to.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 21, 1913, in favor of the

[1]Reported in 140 Pac. 72.

plaintiff, upon the pleadings, in an action upon contract. Reversed.

*Roche & Onstine*, for appellant.

*A. C. Shaw*, for respondent.

MORRIS, J.—Respondent brought this action to recover $1,000, claimed to be due her as the beneficiary under an insurance certificate covering the life of her deceased husband, issued by the appellant. The appeal is from a judgment on the pleadings.

The facts disclosed by the pleadings, and considered by the court in arriving at the judgment, are these: On June 29, 1909, the deceased made application to become a member of the appellant society, a purely fraternal beneficiary association for the sole benefit of its members and their beneficiaries and not for profit. Among other stipulations in the application signed by the deceased, were these:

"I further agree that should I die by suicide, whether sane or insane, that all rights hereunder are forfeited thereby, except as provided in sections 87 and 101 of the laws of the order."

"I further agree, if accepted as a member of the order, to fully abide by all its laws, rules and regulations now enacted, or that may be hereinafter enacted."

The application being accepted, a beneficiary certificate was issued to the deceased July 7, 1909, containing the following conditions and agreements:

"Gustave A. Klein is hereby admitted to beneficiary membership in this order . . . He is entitled to all the rights, benefits and privileges of membership therein, and at his death he having complied with all of the provisions of the constitution and by-laws of the order now in force or that may be hereafter enacted, and being at the time of his death a member of the order in good standing, the said National Council hereby agrees to pay to Floretta Klein, bearing the relation to the said member of wife, the sum of $1,000."

"6.   This certificate and contract is and shall be subject to forfeiture for any of the causes of forfeiture which are

now prescribed in the laws of the Order, or for any other cause or causes of forfeiture which may be hereafter prescribed by this Order by the amendment of said laws."

"8.   If the member to whom this certificate is issued shall die by said member's own hand, whether sane or insane, within two years after the delivery to said member of this certificate, then the said National Council shall pay to the beneficiary or beneficiaries of the member one-fifth the amount of this certificate, less the amount due the reserve fund, to be first deducted from said one-fifth, and said National Council shall not be liable for any further sum whatsoever."

The provisions of the by-laws referred to in the application are as follows: ·

"When entitled to benefits.—To be entitled to participate in the Beneficiary Fund, a beneficiary member shall comply with all provisions of the Constitution and Laws of the Order, now in force or which may hereafter be enacted, and shall, at death or disability, be a member of the Order in good standing."

"Section 101.   Suicide—In case any member holding a beneficiary certificate, heretofore or hereafter issued, shall die by his own hand, whether sane or insane, within two years after the delivery to him of his beneficiary certificate, only one-fifth of the amount of such beneficiary certificate shall be paid, and the order shall not be liable to the beneficiary or beneficiaries for any further sum whatever, provided, that from said one-fifth there shall be deducted the amount due the reserve fund."

In September, 1910, the duly constituted governing body of appellant amended § 101 by extending the suicide provision from two to five years.   Upon the argument for a new trial, the answer was deemed amended so as to allege that the assured had personal knowledge of this amendment.   Gustave A. Klein died January 30, 1912, his certificate having been in force about two years and seven months.   Appellant alleged in its answer he committed suicide, and tendered the amount claimed by it to be due the beneficiary upon the happening of such event.

Under these facts, this question is presented: Is the exten-

sion of the suicide clause from two to five years valid as to this certificate and therefore binding upon the beneficiary? Following the great weight of authority, we answer the question in the affirmative. The right of mutual benefit societies to change their by-laws so as to affect the rights of existing members presents a serious and difficult question upon which there is much division among the authorities. It may, however, be safely asserted that such right exists when it is expressly reserved by the society in its certificate of membership or in its by-laws, and such right has been expressly recognized and assented to by the member in his application; the divergent views arise as to the extent of the change permitted, one class of cases holding that these reservations of the right to amend and the assent thereto by the member justifies any change except a reduction in the amount payable by the certificate, and the other class holding that the societies may make such changes only as have to do with the duties and conduct of the members and the orderly administration of the affairs of the society. The greater number of cases hold to the former view, upon the theory that a party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed; and that the contract requiring submission to any change of by-laws that might be thereafter enacted and the party assenting and accepting a certificate with such a clause therein, there is no vested right in having the contract in the certificate remain unchanged, because the recognition of the power to make new by-laws is necessarily a recognition of the right to alter or amend those theretofore made. Niblack, Benefit Societies & Accident Insurance, § 28; *Fullenwider v. Supreme Council of Royal League*, 180 Ill. 621, 54 N. E. 485, 72 Am. St. 239; *Baldwin v. Begley*, 185 Ill. 180, 56 N. E. 1065.

The contract between the assured and appellant consisted not only of the certificate sued on, but also his application, and the rules, laws, and regulations of the order to which he

had assented, together with the right reserved to alter, change, and modify those laws and regulations. No one has a right to presume that the by-laws of a society of this character will remain unchanged; and where, as here, there was a recognition of the right to make such change, the assured is bound to take notice of the existence and effect of the reserved power. To exercise a power that is expressly reserved and made a part of the contract is not to destroy a vested right, when it is in plain obedience to the rights conferred by the contract. *Court of Honor v. Hutchens* (Ind. App.), 79 N. E. 409. To destroy a vested right arising out of a contract is, in some way, to impair or destroy the rights guaranteed by the contract; not to enforce them. If there is any right destroyed here, what is it? The only change is in the by-law relating to suicide. We cannot see how this change destroyed any vested right of the deceased, unless it can be said there is a vested right in the right to commit suicide. Speaking to this point in a like case, *Eversberg v. Supreme Tent Knights of Maccabees of The World*, 33 Tex. Civ. App. 549, 77 S. W. 246, the court said:

"We think the contention that the suicide amendment cannot be applied to the certificate sued on because to so apply it would impair vested rights is without merit. When the holder of the certificate became a member of the order he expressly agreed that he would be bound by the laws of the order then in force or that might be thereafter adopted. He thus recognized the right of the order to change its by-laws, and consented in advance to be bound by any changes that might be made. That such an agreement is valid and binding seems to be settled by the great weight of authority."

A like ruling is adopted in *Supreme Council of Royal Arcanum v. McKnight*, 238 Ill. 349, 87 N. E. 299, citing *Fullenwider v. Supreme Council Royal League, supra.* In *Wist v. Grand Lodge A. O. U. W.*, 22 Ore. 271, 29 Pac. 610, 29 Am. St. 603, it is said on this question of vested rights:

"A party's contract of insurance may be modified or varied by a subsequent law, and he be bound by it, either through

the reserved power in the society to amend or enact such law, or by his contract with reference to future enactments, when it does not operate as a repudiation of its contracts, or a complete deprivation of the member's rights."

It cannot be said, in the language of the above cases, that there is here a repudiation of the contract or a complete deprivation of the member's rights; since no right vesting in the deceased under the contract is destroyed or disturbed by the amendment, excepting the right to commit suicide within two years, which is not a right the law will recognize or enforce.    In the following cases the right to amend suicide clauses is sustained when that right was reserved in the certificate and assented to by the party in his application: *Supreme Commandery of the Knights of the Golden Rule v. Ainsworth*, 71 Ala. 436, 46 Am. Rep. 332; *Supreme Lodge Knights of Pythias v. Trebbe*, 179 Ill. 348, 53 N. E. 730, 70 Am. St. 120; *Supreme Lodge Knights of Pythias v. Kutscher*, 179 Ill. 340, 53 N. E. 620, 70 Am. St. 115; *Shipman v. Protected Home Circle*, 174 N. Y. 398, 67 N. E. 83, 63 L. R. A. 347; *Tisch v. Protected Home Circle*, 72 Ohio St. 233, 74 N. E. 188; *Scow v. Supreme Council Royal League*, 223 Ill. 32, 79 N. E. 42; *Fraternal Union of America v. Zeigler*, 145 Ala. 287, 39 South. 751; *Daughtry v. Knights of Pythias*, 48 La. Ann. 1203, 20 South. 712, 55 Am. St. 310; *Knights of the Maccabees of the World v. Nelson*, 77 Kan. 629, 95 Pac. 1052; *Olson v. Court of Honor*, 100 Minn. 117, 110 N. W. 374, 117 Am. St. 676, 8 L. R. A. (N. S.) 521; *Dornes v. Supreme Lodge Knights of Pythias of the World*, 75 Miss. 466, 23 South. 191; *Lange v. Royal Highlanders*, 75 Neb. 188, 106 N. W. 224, 110 N. W. 1110, 121 Am. St. 786, 10 L. R. A. (N. S.) 666; *Chambers v. Supreme Tent of Knights of the Maccabees of the World*, 200 Pa. 244, 49 Atl. 784, 86 Am. St. 716; *Supreme Lodge Knights of Pythias of the World v. La Malta*, 95 Tenn. 157, 31 S. W. 493, 30 L. R. A. 838; *Eversberg v. Supreme Tent Knights of the Maccabees of the World*, 33 Tex. Civ. App. 64, 77 S.

W. 246; *Plunkett v. Supreme Conclave Improved Order of Heptasophs*, 105 Va. 643, 55 S. E. 9; *Hughes v. Wisconsin Odd Fellows Mut. Life Ins. Co.*, 98 Wis. 292, 73 N. W. 1015.

The judgment is reversed, and the cause remanded for trial upon the questions of fact raised by the pleadings.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.