## Allie T. Fairchild, Appellee, v. The Maccabees, Appellant.

1. INSURANCE—*when by-laws of other society govern as to benefit payable in case of suicide upon merger of societies.* Where an application for benefit insurance in a society organized under the laws of another State provides that the application and the laws of the society then in force or that thereafter shall be adopted, together with his certificate of membership, shall constitute the contract of insurance, and the society is merged with another society, pursuant to the laws of such State, under a written contract providing that the consolidated association shall be subject in all respects to the laws of such last society then in force or that thereafter might be adopted, the by-laws of the latter society relative to the amount of benefits to be paid in case of suicide govern, where a member of the first society commits suicide after the merger, even though they may materially reduce the amount of recovery.

2. INSURANCE—*what constitutes ratification of contract of merger of benefit societies.* The acceptance of an office in a subordinate lodge of a benefit society, consisting of two merged benefit societies, by a member of one of the merging societies constitutes a ratification of the contract of merger.

3. INSURANCE, § 747*—*when provision in application for benefit insurance that applicant bound by subsequently enacted by-laws valid.* A provision in an application for benefit insurance that the applicant shall be bound by the by-laws of the society then in force or thereafter adopted is valid and binding, even though it may materially reduce the amount recoverable.

Appeal from the Circuit Court of Bond county; the Hon. J.. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 17, 1916.

BUSBY, WEBER, MILLER & ROBINSON and ARTHUR J. DONOVAN, for appellant; D. D. AITKEN, of counsel.

COOK & MEYER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This was an action in assumpsit brought by appellee as the beneficiary named in two benefit certificates issued by the Knights of the Modern Maccabees, a Michigan fraternal benefit society, to Homer L. Fairchild, her husband, since deceased.

The declaration consists of three special counts and the common counts. The first count is based on both benefit certificates, each providing for payment of $1,000 upon the death of said Homer L. Fairchild, the first one being dated April 22, 1908, and the second, June 9, 1911. Each of these benefit certificates contained a provision that the laws of the association then in force, or that might thereafter be adopted, should be a part of the contract, and also, that payment of the benefits would be made, "provided * * * he shall have in every particular complied with the laws of the association now in force or that may hereafter be adopted"; that after the issuing and delivery of said benefit certificates, and before the death of said Fairchild, the Knights of the Modern Maccabees consolidated with the Knights of the Maccabees of the World, a fraternal insurance company, the latter absorbing the former and assuming the certificate obligations thereof; that the Knights of the Maccabees of the World changed its name to "The Maccabees."

The second and third counts differ from the first only in that the second proceeds on the first certificate and the third proceeds on the second certificate. Appellant filed the general issue.

The facts in the case were stipulated, a jury was waived and the cause submitted to the court. The stipulated facts may be briefly stated as follows: The Knights of the Modern Maccabees prior to the merger and the Knights of the Maccabees of the World were both fraternal benefit societies, incorporated under the general laws of Michigan. The supreme legislative and governing body of the Knights of the Modern Maccabees was known as the "Great Camp," while

that of the Knights of the Maccabees was known as the ''Supreme Tent.''

Homer L. Fairchild applied for membership in the Knights of the Modern Maccabees on April 6, 1908, and his application contained the following language: ''I hereby agree and warrant that the above answers to the foregoing questions are true as written and that these statements together with those made to the examining physician in this application and the laws of the Knights of the Modern Maccabees, now in force, or that may hereafter be adopted, together with my certificate of membership, shall form the basis of this contract for beneficial membership. I also agree that should I commit suicide in contravention of the laws of the order, whether sane or insane at the time, that this contract shall be null and void, and of no binding force upon the society. This application and the laws of the society now in force or that may hereafter be adopted, together with my certificate of membership, are made the contract between myself and the society, and I, for myself and my beneficiary, agree to conform thereto and be governed thereby.''

Prior to the merger there was in force in the Knights of the Modern Maccabees a by-law known as section No. 92, which provided, among other things, as follows: ''Where death results from suicide within five years after admission to benefit membership whether the member was sane or insane at the time of death, the beneficiary or beneficiaries of the member shall only be paid the amount of money which the member has paid into the benefit fund, which amount shall be the full amount that shall be claimed in any such case.''. At the time of the merger, there was in effect in the Knights of the Maccabees of the World, a by-law known as section 379, as follows: ''No benefit shall be paid on account of the death of a member who shall die by his own hand, whether sane or insane: provided, however, that the beneficiary named in the life benefit

certificate or the person legally entitled to the benefit, shall receive an amount equal to twice the amount contributed to the life benefit fund by the member during his lifetime, but not in excess of the face of the certificate.''

In the year 1913 the Legislature of Michigan enacted a general law entitled: ''An act to define what shall constitute fraternal beneficiary societies, order or associations; to provide for their incorporation and the regulation of their business, and for the punishment for violations of this act, and to repeal all existing acts or parts of acts inconsistent therewith.'' Section 14 of said act provides among other things that: ''No domestic society shall merge with or accept the transfer of the membership or funds of any other society, unless such merger or transfer is evidenced by a contract in writing, setting out in full the terms and conditions of such merger or transfer, and filed with the Commissioner of Insurance of this State, together with a sworn statement  *  *  *  by its president and secretary, or corresponding officers,  *  *  * of the contracting societies, that such merger or transfer has been approved by a vote of two-thirds of the members of the supreme legislative or governing body of each of said societies.

''Upon the submission of said contract,  *  *  *  the Commissioner of Insurance shall examine the same, and, if he shall find  *  *  *  said contract to be in conformity with the provisions of this section, and that such merger or transfer is just and equitable to the members of each of said societies, he shall approve said merger or transfer, issue his certificate to that effect, and thereupon the said contract of merger or transfer shall be of full force and effect.''

A contract of merger was entered into, which provided among other things: ''The consolidated association shall be governed by, and the membership thereof shall be subject to, in all respects, the laws of

the Knights of the Maccabees of the World, now in force or that may hereafter from time to time be adopted. * * * In consideration of all the foregoing, the Knights of the Maccabees of the World shall assume all the outstanding benefit certificate obligations of the party of the second part, subject to a compliance with its laws now in force or that may be hereafter adopted, and shall be entitled to receive all assets of said Knights of the Modern Maccabees.''

Said contract of merger was duly ratified by both of said societies according to their constitutions and by-laws and in compliance with the laws of Michigan. Said merger agreement, together with the necessary statement, certificates, etc., required by the statute were submitted to the insurance commissioner of the State of Michigan and were by him approved on August 31, 1914. Both societies were licensed to do business in Illinois before the merger and appellant has continued to be so licensed from thence hitherto.

Homer L. Fairchild died at Greenville, Illinois, on March 19, 1915, by his own act or hand. Appellee was the wife and is now the widow of said Homer L. Fairchild. Prior to and at the time of the merger in question, Homer L. Fairchild was an officer of Bancroft Tent, whose duty it was to receive assessments from its members and to transmit the same to the Great Record Keeper of the Knights of the Modern Maccabees. After the merger he continued as an officer of said tent with the same general duties and transmitted the assessments collected to the Supreme Record Keeper of appellant, and he continued in the performance of the duties of that office until his death.

It was stipulated that if the court should hold that appellee was entitled to recover from appellant on the basis of the by-law of the Knights of the Modern Maccabees, No. 92, aforesaid, the amount due from appellant should be the sum of $1,051.23, but if the court should hold that appellee was entitled to recover on

the basis of the by-law of The Maccabees No. 379, aforesaid, the amount due from appellant should be the sum of $265.42.

The facts being settled by stipulation, the only matter in issue was the question of law as to whether this claim should be settled on the basis of the suicide by-law of the Modern Maccabees or the suicide by-law of appellant. The court held the propositions of law submitted by appellee and refused those submitted by appellant, and rendered judgment against appellant for $1,051.23, from which judgment this appeal has been perfected.

The only question to be determined in this case under the propositions of law submitted to the trial court and the stipulation of facts agreed on by the parties is whether the merger of the Knights of the Modern Maccabees with the Knights of the Maccabees of the World had the effect of changing the by-law of the Knights of the Modern Maccabees in reference to the right of recovery under a certificate of insurance issued by it prior to the merger in case of suicide by the party holding the certificate, so as to make the right of recovery under said certificate governed by the by-laws in force in the Knights of the Maccabees of the World, now known as ''The Maccabees.'' It is insisted by appellee that to so hold would be in effect to change the contract of insurance held by Fairchild in the original society, and that this cannot be done. In order to determine whether the contention of appellee is the correct one or not, it will be necessary to refer to the application, the by-laws of the Knights of the Modern Maccabees, the contract of merger and the laws of the State of Michigan, governing fraternal insurance societies, in force at the time of the merger, so far as applicable, as they would all enter into the construction of the certificate of insurance issued to the insured. The application signed by Fairchild for insurance in the Knights of the Modern Maccabees,

provided among other things: "I hereby agree that this application and the laws of the society now in force, or that may hereafter be adopted, together with my certificate of membership are made the contract between myself and the society, and I for myself and my beneficiary agree to conform thereto, and be governed thereby." The benefit certificate issued to said insured referred to said application and the matters and things therein contained and made it a part of the certificate.

The statute of Michigan, by authority of which said merger was brought about, provided that no domestic society shall merge with or accept the transfer of the membership or funds of any other society unless such merger or transfer is evidenced by a contract in writing setting out in full the terms and conditions of such merger or transfer and be filed with the commissioner of insurance. In keeping with this provision of the statute a contract was entered into between the Knights of the Modern Maccabees and the Knights of the Maccabees of the World, whose name was afterwards changed to "The Maccabees," which said contract provided among other things that the consolidated association shall be governed by and the membership thereof shall be subject to, in all respects, the laws of the Knights of the Maccabees of the World, now in force or that may hereafter from time to time be adopted.

The merger of these two societies was reported to the proper State authorities and such merger was duly ratified by said authorities as provided by the laws of Michigan.

Our Supreme Court has held repeatedly that in fraternal insurance, such as is now being considered, a provision in the application to the effect that the applicant will be bound by the by-laws of the fraternal society then in force, or that may thereafter be in force, is valid and binding, and that it will be enforced

as against the insured, even though it may materially reduce the amount recoverable by the beneficiary in the insurance certificate. *Supreme Lodge Knights of Pythias v. Kutscher,* 179 Ill. 340; *Scow v. Royal League,* 223 Ill. 32.

We do not understand that appellee takes the position that if the by-laws in the appellant society in reference to the recovery on the certificate of insurance, in case of suicide, had been passed by the Knights of the Modern Maccabees, from whom her husband received his certificate of insurance, that he would not have been bound thereby.

But the insistence of appellee is that inasmuch as the Knights of the Modern Maccabees was merged with the Knights of the Maccabees of the World, after her husband's certificates of insurance had been issued to him, to hold that the insured or his beneficiary would be bound by a by-law which was different from the by-law in the original society would be to violate his contract of insurance. We do not think appellee's contention tenable, for the reason that the laws of Michigan, which made possible both of these fraternal societies, provided for mergers of this character. The law provided that the merger should be evidenced by a written contract, and that such merger should be referred to certain State authorities, and if ratified by such State authorities it should then become binding. The procedure laid down by the laws of said State was followed in this case, and the merger was ratified. This being true, to hold that the insured Fairchild was, and appellee, his beneficiary, shall be bound by the by-laws in force in appellant's society is but to carry out the contract made by said insured when he received his certificate of insurance, and it can have no other effect.

Appellee in this case is driven to this position. She is seeking to recover against appellant on certificates of insurance that were issued to her husband by the

society known as the Knights of the Modern Macca-
bees. No recovery can be had in this case unless the
merger above set forth was valid and binding, and if
valid and binding in one part it must be valid and
binding in all. Appellee cannot insist upon her right
of recovery against appellant on a certificate of insur-
ance not issued by appellant, but by another society,
unless she is willing to concede that the society that
issued the certificate was merged into the appellant so-
ciety, and that by such merger the appellant society
became obligated to take care of said certificates.

Under the laws of Michigan the manner of the mer-
ger must be fixed by contract in writing, and in order
to ascertain what the rights of appellee as beneficiary
under the certificate held by her husband are, you
must look to the contract, and when you look to the
contract you find by its terms that the insured and the
beneficiaries are to be bound by the by-laws then in
force and thereafter to be enacted in the transferee's
society, and it would seem that this is a complete an-
swer to appellee's contention.

It is also insisted by appellee that the provision in
the contract of merger that the holders of certificates
of insurance in the Knights of Modern Maccabees shall
be bound by the by-laws then in force and there-
after from time to time adopted by the Knights of the
Maccabees of the World, must be so construed as to
give them a prospective and not a retrospective ef-
fect. In other words, appellee insists that this provi-
sion with reference to the holders of certificates in the
original society should not be given effect as to certifi-
cates in force at the time of the merger. The answer
to this is that Fairchild was living at the time of the
merger and that this by-law was not given effect so far
as the certificates held by him were concerned until he
committed the act of suicide—an act subsequent to the
merger.

In the case of *Scow v. Royal League, supra,* at page

35, the court says: "Plaintiff in error contends that the by-law in force at the time of his death, with reference to a member dying by his own act, did not apply to his certificate because adopted after it had been issued to him upon his becoming a member of defendant in error,—first, because it does not purport to be retrospective in its application; and second, if it did, it would be unreasonable and therefore void. It will be observed the by-law reads, 'If any member shall die by his own act or hand,' etc. There are no words expressly saying it should apply to those who had become members before the by-law was adopted nor limiting it to those who might become members afterward. The words used in the by-law should be given their usual and ordinary meaning and sense. In the sense in which 'any' is used in the by-law it is broad enough to embrace all members, and this without regard to the time they became such." This same doctrine is held in *Seitzinger v. Modern Woodmen,* 204 Ill. 58, and in *Supreme Lodge Knights of Pythias v. Kutscher, supra.*

In construing applications and certificates issued in compliance therewith, of the character of those in question, so as to hold that the insured and beneficiaries under the policy are bound by by-laws thereafter enacted, is simply to carry out the contract made by the applicant at the time he received his certificate. A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed. (*Baldwin v. Begley,* 185 Ill. 188; *Supreme Lodge Knights of Pythias v. Trebbe,* 179 Ill. 348.)

It may be further observed in regard to the case at bar that Fairchild, the insured, after the merger, paid his assessments to appellant in accordance with such contract of merger without protest, up to the time of his death. He was an officer of his subordinate tent, whose duty it was to collect assessments from the mem-

bers and forward the same to the supreme tent of appellant. In this capacity he was acting as the agent of appellant, the office held by him was known as "Record Keeper." His duties as record keeper were different in many respects from his duties as finance keeper. His acceptance of this office under the by-laws of appellant, we think, was a clear recognition of those laws as being binding upon himself, and in our opinion he would be held to have acquiesced in and ratified the contract of merger. However, we do not base our opinion on that ground, as we believe that without reference to his ratification, he and his beneficiary would be bound by the by-laws of appellant in question.

We are therefore of the opinion that the court erred in rendering the judgment that it did, and that the judgment should be reversed and that the cause should be remanded with directions to the trial court to enter judgment against appellant for the sum of $265.42, in compliance with the stipulation filed by the parties hereto in the trial court.

*Reversed and remanded with directions.*