THIRD DISTRICT—APRIL, 1916.        333

· Mohlman v. Business Men's Accident Ass'n, 201 .Ill. App. 333.

## Roena Mohlman, Appellant, v. Business Men's Accident Association of America, Appellee.

1. APPEAL AND ERROR, § 1303*—*what presumptions raised where bill of exceptions does not contain all of evidence.* Where a bill of exceptions does not state that it contains all the evidence, it may be presumed that there was other evidence offered on which the judgment can be sustained, but it will not be presumed that other evidence was introduced by reason of which the judgment must be reversed.

2. APPEAL AND ERROR, § 551*—*necessity of exceptions.* Where no mention was made in a bill of exceptions of the judgment entered in the trial court and there were no exceptions therein to the judgment there entered or to rulings on propositions of law, *held* that, nevertheless, such questions would· be considered on appeal under the provisions of the Practice Act, sec. 81 (J. & A. ¶ 8618).

3. INSURANCE, § 127*—*what laws govern construction of contract.* A contract of insurance made within the State with a corporation whose domicile is without the State is to be considered according to the laws of the State where made.

4. INSURANCE, § 747*—*when beneficiary bound by by-law passed after issuance of certificate.* A beneficiary under a certificate of insurance in a mutual assessment accident insurance association, providing that the insured should be bound by by-laws in force at the time of the issuance of the certificate and those thereafter enacted by the association, *held* bound by a by-law passed by the association after the issuance of a certificate, providing that. in case of death by drowning, the association should be obligated to pay only one-tenth of the amount provided as payable by the certificate unless the claimant should establish the accidental character of the death by the testimony of at least one witness to the accident other than the insured himself.

5. INSURANCE, § 711*—*inapplicability of provisions of Assessment Insurance Act to foreign corporation doing business by mail.* The provision of the Assessment Insurance Act, sec. 15 (J. & A. ¶ 6563), requiring every policy thereafter issued by a corporation doing business under the act and promising payment to be made upon a contingency of death or physical disability shall specify the sum of money which it promises to pay upon such contingency, does not apply to an association incorporated under the laws of a foreign State and not authorized to do business in this State, but which transacts business therein by mail.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

CHARLES C. DUTCH, for appellant.

J. J. NEIGER and GILMORE & BROWN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Roena Mohlman, on January 1, 1915, began a suit in assumpsit in the Circuit Court of Cass county against the Business Men's Accident Association of America. The declaration consists of one count which avers that the defendant, a corporation, organized under and doing business by virtue of the mutual assessment accident insurance laws of the State of Missouri, on December 6, 1911, issued a certificate of insurance to William G. Mohlman, and in consideration of the application for membership and the further payment of dues and assessments promised that it would pay the plaintiff $5,000 in the event of the accidental death of William G. Mohlman, and that in said certificate are certain provisos, conditions and stipulations, which are shown by a copy of it attached to the count; that on October 23, 1913, said Mohlman was accidentally drowned in the Illinois River at a point unknown to plaintiff; that the last time he was seen alive was passing up the river at 4:30 p. m. October 23rd, in his motor boat under a certain bridge, and the next morning his body was found at 6:30 a. m. floating in the river; that an inquisition was held over the body of Mohlman and a coroner's jury returned a verdict that he came to his death by accidental drowning; that due proofs of death by accidental drowning were made and that Mohlman complied with all the conditions of the policy in his lifetime, yet the defendant refuses to pay plaintiff said sum of $5,000.

On the day the declaration was filed, the defendant, by its attorneys, filed a written entry of appearance. No pleas were filed. On the hearing it was stipulated that the parties waive the necessity of formal pleadings, and that no advantage shall be taken, either in the trial court or on appeal, because of the failure to file pleas or conform to the rules of procedure, and that all questions of law involved be determined without formal pleading or procedure. The cause was tried by the court on April 12, 1915, without a jury, and judgment rendered "for the plaintiff for $500 and against plaintiff for costs as per stipulation." The plaintiff prosecutes this appeal.

The bill of exceptions contains a stipulation signed by counsel for the parties showing the following facts:

(1)    That Mohlman was a resident of Beardstown, Illinois, at the time he made application for membership and insurance in the defendant corporation, and that the application was forwarded by mail to the defendant at Kansas City, Missouri.

(2)    That the defendant received the application on December 6, 1911, and forwarded a certificate of insurance, with a copy of its by-laws, which are made a part of the stipulation, from Kansas City to Mohlman at Beardstown, Illinois, with a letter acknowledging receipt and acceptance of the certificate and by-laws, which was to be signed by Mohlman and returned to appellee at Kansas City. The letter is dated at Beardstown, December 7, 1911, was signed by Mohlman and returned by mail to appellee. Section 1 of article 9 of the by-laws provides: These by-laws may be amended at any meeting of the board of directors by a two-thirds vote of the members present, notice having been first given to each member of the board three days prior to the meeting. There is indorsed on the back of the certificate among other things the words: "*Important.* Remember that the by-laws, and all amendments thereto, are a part of your contract."

336    APPELLATE COURTS OF ILLINOIS.

Mohlman v. Business Men's Accident Ass'n, 201 Ill. App. 333.

(3)    That the defendant is a corporation organized July 1, 1909, under the Insurance Laws of Missouri to transact mutual assessment, health and accident insurance, with its home office at Kansas City, Missouri, and it was not authorized to do business in Illinois, but transacted its business by mail.

(4)    That section 4 of article 4 of the by-laws at the time of the application for and delivery of the policy provided: ''Whenever death occurs as the result of injuries caused by the accidental discharge of firearms where there is no eye-witness to the accident except the member himself, or whenever death occurs as the result of cerebral hemorrhage, cerebral paralysis, apoplexy, or heart failure, caused by accidental injuries, the liability of the Association for payment of benefits shall be limited to one-tenth the amount otherwise payable.''

That on October 15, 1912, section 4 of article 4 was amended to read as follows: ''Whenever any member carrying accident insurance receives bodily injuries, fatal or otherwise, (1) by the discharge of firearms, (2) by drowning, (3) or where the body is not recovered and identified, the claimant shall establish the accidental character of the injury by the testimony of at least one eye-witness to the accident other than the member himself, and in the event of his failure so to do, or whenever death, caused by accidental injuries, occurs as the result of cerebral hemorrhage, cerebral paralysis or apoplexy, without fracture of the skull, or by heart failure caused by accidental injuries, the liability of the Association for payment of benefits shall be limited to one-tenth of the amount otherwise payable.''    That said by-laws as amended under date of October 15, 1912, were in force and effect at the time of the death of said Mohlman.

(5)    That on October 23, 1913, at 4 p. m., Mohlman left his place of business in Beardstown to go hunting on the Illinois River, alone in his motor boat; that the next morning his dead body, without any marks of vio-

lence, was found floating in the river, and a coroner's jury returned a verdict that he came to his death by accidental drowning; that proper notice and proofs of death were made and that at the time of his death Mohlman was in good standing and had paid all assessments made against him.

(6) That the parties may present for the court's consideration the statutory laws of any State and the decisions of any court of record of any State bearing upon the issue herein and the same shall be considered by the court as if duly pleaded and proved.

That plaintiff claims $5,000 and ten per cent. damages and $250 reasonable attorney's fees. The defendant claims that it is only bound to pay plaintiff $500, which it has tendered, and has always been ready to pay, and if the court shall find that $500 is the sum defendant is liable for, the costs shall be assessed against plaintiff.

The plaintiff presented propositions of law requesting the court to hold: (1) that while the contract was made in Illinois, yet its performance was in the State of Missouri, and it is to be construed by the law of Missouri; (2) that section 6952 of the Revised Statutes of Missouri forms a part of the contract and the sum specified in the contract must be paid; and (3) that the amendment of section 4, art. 4 of the by-laws of defendant, made October 15, 1912, regarding accidental drowning without the presence of an eyewitness, is unreasonable, and the court refuses to give said by-law as amended retroactive effect. These the court marked refused. The court marked held, propositions presented by the defendant: (1) that the certificate sued on is an Illinois contract and not subject to or affected by the statute of Missouri requiring assessment companies to specify in their policies the exact amount to be paid upon each contingency insured against; (2) that under the terms of the membership certificate issued by defendant, subsequent amend-

ments became a part of such certificate and the amendment of section 4, art. 4, is a part of the contract of insurance sued on by plaintiff; and (3) that the contract sued on is an Illinois contract and to be construed under and in accordance with the law of Illinois.

The bill of exceptions contains only the written stipulation and the stipulation made in open court with the propositions of law presented. It does not state that the facts therein stated were the only facts presented to the trial court for its judgment. It also states that the parties may present for the court's consideration the statutory law of any State and the decisions of any court of record of any State and the same shall be considered as if duly pleaded and proved. There is no statement that any statute or decision of a court of record of the State of Missouri was presented and introduced in evidence. It might be inferred from one of plaintiff's propositions that section 6952 of the Missouri Statutes was brought to the attention of the court. When the bill of exceptions does not state that it contains all the evidence, it may be presumed that there was other evidence offered on which the judgment can be sustained, but it will not be presumed that other evidence was introduced, by reason of which the judgment must be reversed.

The judgment is not mentioned in the bill of exceptions, neither is there any objection nor exception in the bill of exceptions to the judgment, nor is there any objection or exception to the ruling of the court on propositions of law presented by the respective parties. Appellee insists that because the bill of exceptions does not contain any exception upon any question whatever, that therefore no question has been saved for review. Section 81 of the Practice Act (J. & A. ¶ 8618), as amended, provides that if during any trial in any civil or criminal case either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the

same, such matter shall be deemed a matter for review in any court to which the same cause may be taken on appeal without formal exception thereto. In *Miller v. Anderson*, 269 Ill. 608, this section of the Practice Act was reviewed, and it was held that the said amendment to the Practice Act was intended to simplify the practice by doing away with the formal exceptions that prior thereto had been held necessary to save questions for review.

The contract sued upon was made in Illinois with a Missouri corporation. Counsel for appellant state that to be the fact in their argument, and in their reply brief say: "There is no dispute in this case as to where the contract was made. Appellant in her brief and argument, p. 25, says, 'Since the final act of the consummation of the contract was at Beardstown, in Illinois, * * * the contract was made in Illinois.'" The situs of the contract being in the State of Illinois, it is to be construed according to the laws of Illinois. *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45, 144 Ill. App. 434; *Coverdale v. Royal Arcanum*, 193 Ill. 91; *Ingersoll v. Mutual Life Ins. Co.*, 156 Ill. App. 568; *Mutual Life Ins. Co. v. Cohen*, 179 U. S. 262; *Mutual Life Ins. Co. v. Hill*, 193 U. S. 551.

In this State the rule is well settled that a certificate of membership in a benefit society, which provides that the member shall be bound by the laws, rules and regulations then in force, or which may thereafter be enacted by the society, sufficiently reserves the right of the society to amend existing by-laws. A member who accepts a contract in which he agrees to be bound by the laws, rules and regulations then in force or which may thereafter be enacted, makes the certificate subject to the reservation to the society of the right to amend or change the by-laws of the society. *Fullenwider v. Royal League*, 180 Ill. 621; *Scow v. Royal League*, 223 Ill. 32; *Seitzinger v. Modern Woodmen*,

340 APPELLATE COURTS OF ILLINOIS.

Mohlman v. Business Men's Accident Ass'n, 201 Ill. App. 333.

204 Ill. 58; *Moerschbaecher v. Supreme Council,* 188 Ill. 9.

The certificate accepted by Mohlman contains a provision that "by the acceptance of this policy the said member agrees to the several provisions and conditions of the said by-laws as they now exist, and as they may be hereafter, from time to time, amended and changed." Indorsed on the back of the certificate were the words: *"Important.* Remember that the by-laws, and all amendments thereto, are a part of your contract." Section 4 of article 4 of the by-laws when the policy was issued to Mohlman limited the benefits to be paid in the event of death under certain contingencies to one-tenth of the amount otherwise payable. Within a year after the issuance of the policy, the defendant amended that section of the by-laws by adding the contingency, that if death should happen by drowning then unless "the claimant shall establish the accidental character of the injury by the testimony of at least one eye-witness to the accident other than the member himself, * * * the benefits to be paid shall be limited to one-tenth of the amount otherwise payable."

It is contended that under section 244 of chapter 73 of the Statutes of Illinois (Hurd's Statute 1913, section 15 of the Assessment Insurance Act passed June 22, 1893, J. & A. ¶ 6563), appellant is entitled to recover the full amount of $5,000 because of the accidental death of Mohlman. That provision of the statute provides: "Every policy hereafter issued by *any corporation doing business under this act, and promising payment to be made upon a contingency of death or physical disability, shall specify the sum of money which it promises to pay under such contingency."* This section by its terms only applies to "any corporation doing business under this act." It was held in *Crawford v. Northwestern Traveling Men's Ass'n,* 226 Ill. 57, that this act does not apply to companies in

existence when this act was passed, unless they re-incorporate under section 6 of the Act (J. & A. ¶ 6554). The stipulation shows that the defendant company is incorporated under the laws of Missouri and was not authorized to do business in Illinois but transacted its business by mail. The defendant was not doing business under the Act of 1893, and is not governed by section 15 of that act.

Section 26 of chapter 32 of the Statute (J. & A. ¶ 2443), provides that foreign corporations doing business in this State shall be subjected to all the liabilities, restrictions and duties that are or may be imposed on corporations organized under the general laws of this State. It was said in *North American Ins. Co. v. Yates,* 214 Ill. 272: "In applying the statutes governing insurance to foreign corporations we have said: 'The purpose of our statute is to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and to bring them all under the influence of the same law.'"

By the provisions of the certificate issued to the insured, the contract of insurance consists of the certificate, the application for membership and the by-laws of appellee. The by-laws are a binding part of the contract unless inconsistent with or in conflict with some general law of this State. The policy with the by-laws clearly specifies the amount payable on the contingency of death from drowning without an eye-witness.

It is also contended that the amendment is unreasonable. A subsequently enacted by-law, forfeiting all claims for the death of a member by suicide or intoxication, was held valid and reasonable. *Supreme Lodge v. Kutscher,* 179 Ill. 340; *Supreme Lodge v. Trebbe,* 179 Ill. 348. In *Scow v. Royal League, supra,* a by-law enacted reducing the benefit one-half if the member shall die by his own hand, whether sane or in-

sane, was held reasonable and valid. "A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed." .*Baldwin v. Begley,* 185 Ill. 180. If the amendment would be reasonable as an original by-law, at the formation of the corporation in order to avoid such extra hazards as experience shows necessary, it is reasonable as an amendment. The amendment was a reasonable exercise of the power reserved to defendant in its certificate issued to the insured.

We find no error in the ruling of the trial court on the propositions of law and the judgment is affirmed.

*Affirmed.*