[Fraternal Union of America v. Zeigler.]

# Fraternal Union of America *v.* Zeigler.

### *Action on Insurance Policy.*

[DECIDED DEC. 21, 1905, 39 So. REP. 751.]

1. *Insurance; Certificates; Subsequent By-laws.*—By-laws enacted subsequent to the issuance of insurance certificate, affect said certificate, when the same provides that the insured should be subject, not only to the existing laws of the association, but also to such as might be thereafter adopted, provided such by-laws subsequently enacted were within the charter powers of the association, and did not violate the laws of the state, or impair the obligations of the insured's contract.

2. *Same; Reasonableness.*—A by-law of a Mutual Benefit Association which provided that in case of death by suicide of any member thereof, the association should pay only one-third of the amount for which such member was insured, is a reasonable one.

3. *Constitutional Law; Impairing Obligation of Contract; By-laws.* —Where the benefit certificate issued to insured, provided that it should be incontestible after two years, and also contained the provision that the member accepting it should be subject, not only to existing laws, but to all by-laws subsequently adopted, and at the time of the issuance of the certificate the by-laws provided that in case of suicide the member forfeited all claims to any benefit under the certificate; but more than two years thereafter the association adopted another by-law providing that in case of suicide the association should pay one-third of the insurance, such subsequently enacted by-law was applicable to the certificate, and was not objectionable as impairing the obligation of insured's contract.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

This was an action brought by the beneficiary in a benefit certificate issued on the life of W. C. Zeigler. The complaint contained two counts, in the second of which was set out the benefit certificate, which was in words and figures as follows:

"No. 5,916.                                    Amount, $1,200.
                    "Benefit Certificate.
"Age, 33.                          Assessment Rate, $.65.
"Expectancy, 34 years.                          Class O.
            "Date of Expiration, Aug. 1903.
"Love.                        ·                    Justice
"Truth.
            "The Fraternal Union of America.       ·

"This certificate, issued by the Supreme President and Supreme Secretary of the Fraternal Union of America by its authority, witnesseth that Frater Washington C. Zeigler, a member of Georgiana Lodge No. 156, located at Georgiana, Ala., is while in good standing in this fraternity entitled to participate in its benefit fund to the amount of $1,200, which shall be paid at his death to Callie A. Zeigler (wife) by its Supreme Lodge, subject to all the conditions named in this certificate and the provisions contained in its constitution, and liable to forfeiture if said frater shall not comply with said provisions and conditions, laws and such by-laws and rules as are or may be adopted by the Supreme Lodge or the local Lodge of which he is a member.

"This certificate shall not be in force and effect until the said frater herein named shall have complied fully with the provisions of §§ 86, 87 and 88 of the Constitution and shall in writing hereon accepted the terms and condition thereof.

"In case of the death of said frater before the expiration of his expectancy of life, there shall be deducted from the amount named herein to be paid at his death the following sums: First, the difference between the total sum paid by said frater in benefit assessments during his lifetime and $100 for each $600 of said amount named in this certificate; and, second, the amount of any and all sums paid to said frater during his lifetime as accident or disability benefits. After making said deductions the Supreme Lodge shall pay to the beneficiary or beneficiaries named in this certificate the amount remaining due thereunder determined as above set forth, and said balance shall be accepted and received by said beneficiary or beneficiaries in full satisfaction and dis-

charge of this certificate, which shall be cancelled and surrendered to the Supreme Lodge upon payment thereof.

:"In witness whereof, we hereunto fix our official seal and signatures this the 21st day, of August, 1897, signed by our Supreme President and Secretary."

There was an acceptance in writing as follows: "I hereby accept the terms of this certificate and the conditions thereof delivered to me this Sept. 1st, 1897, and the terms of the constitution of the Supreme Lodge of the Fraternal Union of America and the by-laws of the lodge of which I am a member. I also hereby acknowledge receipt of a copy of the constitution of the order. (Signed) Washington C. Zeigler."

There were six conditions attached to the article, but the only one necessary to the understanding of this case is the fifth: "(5) If the member holding this certificate shall * * * die by his own hand or in consequence of a duel or by the hands of the beneficiary herein named. * * * then in every such case this certificate shall be null and void and of no effect and all moneys which may have been paid and all rights and benefits which may have accrued on account of this certificate shall be absolutely forfeited."

The defendant filed pleas 2, 3, 4, 5, 6, and 7. Demurrer was confessed to plea 5.

Plea 2: "The defendant, for further answer to plaintiff's complaint, saith that it was and is a part of the contract of insurance sued on in this action that if the said W. C. Zeigler committed suicide the beneficiary in said insurance contract was to have and receive upon the death of said Zeigler only one-third of the amount that might be due under the terms and conditions of said policy of insurance, which defendant avers was the sum of $349.80; and defendant avers that the said Zeigler did die by his own hand by committing suicide, whereupon plaintiff should not recover in this action a greater sum than $349.80."

Plea 3: "Defendant, further answering plaintiff's complaint, saith that one of the provisions in the certificate of insurance sued on in this action is as follows:

19

'That Frater Washington C. Zeigler * * * is while in good standing in this fraternity entitled to participate in its benefit fund to the amount of $1,200, which shall be paid at his death to Callie A. Zeigler (wife) by its Supreme Lodge, subject to all the conditions named in this certificate and the provisions contained in its constitution, and liable to forfeiture if said frater shall not comply with said provisions and conditions, laws and such by-laws and rules as are or may be adopted by the Supreme Lodge or the local lodge of which he is a member.' And defendant avers that subsequent to the issuance of said certificate to the said Washington Zeigler, and before his death, this defendant adopted by its Supreme Lodge a law that if any of its members in good standing dies by his own hand—that is, by suicide, whether sane or insane—the benefits paid to the beneficiary shall be one-third only of the amount payable under such member's certificate, after deducting the amount due the maturity fund and all disability benefits previously paid, which said law defendant avers was in full force at the death of said Washington Zeigler, namely, on the 1st day of January, 1904; and said law of defendant order was expressly made applicable to all certificates theretofore or thereafter issued, and became a part of the contract of insurance sued on in this action. And defendant further avers that the said Washington Zeigler did on the 1st day of January, 1904, die by his own hands—that is, by committing suicide; and the defendant avers that the plaintiff in this action is entitled to recover, if anything, only one-third of the sum due on said certificate of insurance, which it avers is the sum of $349.80, and no greater amount."

Plea 4, after averring substantially what is averred in third plea, has the following: "And defendant avers that it was provided in its constitution and laws at the time of the issuance of said certificate sued on and the acceptance of the same by said Washington Zeigler as follows: 'Sec. 115. This constitution may be amended by a two-thirds vote of the Supreme Lodge in session, or by a three-fifths vote of the advisory board when ratified by three-fifths of the lodges in good standing and voting

thereon and reporting to the Supreme Lodge secretary the same within the time specified in section 116 : Provided that all lodges not voting and reporting within the time specified in section 116 shall be counted as voting in favor of said amendment or amendments.' And defendant avers that the Supreme Lodge of defendant did at its second session, held in October, 1902, amend its constitution and adopt a law that if any of its members dies by his own hand—that is, by suicide, whether sane or insane— the benefits paid to the beneficiary shall be one-third of the amounts payable under such member's certificate, * * * which said law was by express terms made applicable to all certificates theretofore or thereafter issued; and defendant avers that said law, adopted as aforesaid by said Supreme Lodge, included the certificate held by the said Zeigler, and the same was at the time of his death and now is a part of the contract of insurance, and alleges that in proof made of the death of said Zeigler by plaintiff the cause of death was stated to be suicide."

Plea 6 sets up condition No. 5 attached to the policy and set out in complaint above, and sets up that the insured came to his death by suicide, wherefore it says that the beneficiary is not entitled to recover anything under the policy.

Plea 7 alleges that the certificate sued on was issued to and accepted by said Zeigler subject to all the conditions of the certificate and of the provisions contained in defendant's charter or articles of incorporation, constitution and laws and liable to forfeiture if said Zeigler failed to comply with said conditions and provisions then in existence or such that might be thereafter adopted by the Supreme Lodge of defendant within the powers granted it under its articles of incorporation, and setting out the action of the Supreme Lodge the same as in the fourth plea in reference to the adoption of a constitutional provision making said lodge liable for only one-third of the certificate in case of suicide of the insured, and alleging its applicability to this contract of insurance, and alleging the death by suicide of the insured; "and, further, defendant says that it was at the

time of the issuance and acceptance of said certificate of insurance by said Zeigler, and has at all times since been, a fraternal benefit association, and in and under its articles of incorporation, constitution, and laws has maintained and levied only sufficient assessments in amount and number to provide for the payment of benefits under its certificate of a certain amount therein provided for in case of death from natural causes, said amount being determined by the provisions of the certificate and the laws of defendant, and other and different less amounts in case of death of members while engaged in more or less hazardous occupations, and of one-third the amount payable in case of death from natural causes in event of death of members by suicide, whether sane or insane, and on the death of its members proof of death became necessary in determining the sum due on the certificate of such deceased member, of the cause or manner of his death." It alleged proof of death by suicide and set up that the plaintiff was only entitled to one-third of the amount of the certificate, $349.80.

Plaintiff joined issue on pleas 2, 3, 4, 6, and 7. Plaintiff replied as follows: "And for further answer to each of said pleas plaintiff says that at the time of the issuance sued on in this case there was in force and effect the following provisions in the constitution of defendant, viz: 'Sec. 97. All certificates issued by the Supreme Lodge shall be incontestible after two years from their respective dates, except as to agreements, representations, and warranties on the part of the frater in relation to age, occupation, and use of alcoholic stimulants; provided that the frater shall have complied with the requirements of this constitution and by-laws.' And plaintiff avers that the death of said Washington Zeigler occurred more than two years after the date of the certificate sued on in this case, viz: said certificate being dated on, to-wit, the 21st day of August, 1897, and accepted by the said Washington Zeigler on, to-wit, the 1st day of September, 1897, and the death of the said Zeigler having occurred on, to-wit, the 1st day of January, 1904, and that said section 97 above set forth was in force more than two years after the date of said certifi-

cate sued on, and that by reason thereof said certificate became incontestible on account of the suicide of said Zeigler occurring after the above named two years; and that the amendment of said constitution and the adoption of said law set out in said plea are not applicable to the certificate sued on in this case."

There was demurrer to the replication on several grounds: "As an answer to each plea, because it seeks to set up an incontestable clause contained in defendant's general laws, where it clearly appears from defendant's plea that the contract sued on is not therein contested by said plea; and, second, plaintiff's replication is no answer to defendant's plea, in that it alleges that defendant adopted a law that the beneficiaries in certificate issued by defendant should only receive one-third of the amount payable under such member's certificate, after deducting the amount due the maturity fund, in case of suicide, and that said new law so adopted by defendant was in full force and became a part of the contract sued on in this case, which averments are not denied or confessed by plaintiff; and, third, plaintiff seeks by his replication to set up a general law of incontestability as answer to the specific contract, mentioned in said plea, that in the event of the death of said Washington Zeigler by committing suicide the beneficiaries in the certificate sued on should receive no benefit thereunder. These demurrers were overruld."

Plaintiff then filed a special replication to plea 7, setting up that at the time plaintiff stated and signed a statement named in said plea that she did not actually know that the death of said Washington Zeigler was the result of suicide, and was not made from her own knowledge of the fact, but stated conclusions drawn from statements made by other parties, and at the time she made the statement she was in great trouble and distress on account of the death of her husband, and under these circumstances she did not read the statement and denies that said Zeigler committed suicide.

The court, after all the evidence was in, gave the general affirmative charge for the plaintiff.

LANE & CRENSHAW, and SHEPARD BRYAN, for appellant.—It is competent to enter into contracts of insurance with mutual benefit associations subject to future as well as existing laws of the association.—*Supreme Commandry v. Ainsworth,* 71 Ala. 436; *Dornes v. Supreme Lodge K. of P. of the World,* (Miss.) 23 So. Rep. 191; *Stohr v. Society,* 82 Cal. 560, 22 Pac. 1125; *Bowie v. Grand Lodge,* (Cal.) 34 Pac. 104; *Supreme Lodge v. La Malta,* (Tenn. Sup.) 31 S. W. 493; *Lodge v. Stein,* (Miss.) 21 So. Rep. 559.

Nor does such subsequent law destroy or impair any vested right of assured.—*Daughtry v. Knights of Pythias* (La.) 20 So. Rep. 712; *Supreme Commandry v. Ainsworth, supra.*

The assured consented that the contract should be subject to future laws of the order, and all the courts hold that the power to legislate carries with it the power to repeal, and the new law set up in the pleas repealed the incontestible clause if they be in irreconcilable conflict.

POWELL & HAMILTON and H. R. PILLEY, for appellee. —The provision that after two years the policy of insurance could not be contested forms a part of the contract of insurance, and the insurer cannot set up the suicide of insured after that time.—*Supreme Commandry,* 71 Ala. 436; *Mut. Reserve Fund Association v. Payne,* 32 S. W. 1063; *Goodwin v. Assurance Association,* 97 Iowa 226, S. C. 59 Am. St. Rep. 455; *Pattersons Case,* 100 Wis. 118, S. C. 69 Am. St. Rep. 899; *Mareck v. Mut. Res. Fund L. Association,* 62 Min. 39 S. C. 54 Am. St. Rep. 613.

A corporation has not the capacity to disturb rights which it has created, or to impair the obligations of its contracts, or to change its responsibility to its members, or to draw them into new and distinct relations.—*Supreme Commandry v. Ainsworth, supra,* and authorities there cited.

The case of *Daughtry v. Knights of Pythias,* 20 So. Rep. (La.) 712 is not at all similar to the case at bar.

DOWDELL, J.—The important and material question in this case is raised by the defendant's demurrers to the plaintiff's replications to the defendant's special pleas. The determination of this question invokes the construction of the contract sued on, which is a benefit certificate of life insurance issued by the defendant association to one Washington C. Zeigler, and in which certificate the plaintiff was named as the beneficiary to whom the insurance should be paid on the death of the insured. The benefit certificate in this case provided, among other things which entered into and formed a part of the contract for insurance, that the insured should be subject, not only to the existing laws of the association, but also such as might be thereafter adopted. That it was competent for the parties to enter into such a contract cannot, as a proposition of law, be questioned; and any rule or law adopted by the association, subsequent to the contract, and which is within its chartered powers and does not violate the law of the state as to impairing the obligation of contracts, will be as binding between the parties as if such law had been in existence at the time of the making of the contract.—*Supreme Commandery v. Ainsworth*, 71 Ala. 436, 46 Am. Rep. 332. See, also, authorities cited in brief of counsel for appellant.

The benefit certificate issued by the defendant association and the foundation of this suit contained a provision that the policy should be forfeited if the insured came to death by his own hands. This, of course, is to be interpreted as meaning death by suicide. At the time of the issuance of said benefit certificate the constitution of the defendant association contained a provision that all certificates issued by the Supreme Lodge shall be incontestable after two years from their respective dates, with certain exceptions; suicide not being one of them. Subsequent to and more than two years after the date of the issuance of the benefit certificate in this case, the association adopted a by-law whereby it was provided that, in case of death by suicide by any member of the association, only one-third of the amount of the insurance on the life of such member would be paid by the association. The theory of the

plaintiff is that such subsequent law, so adopted by the association, had no binding force or effect on the insured in this case, for the reason that to give it force would be to take away a vested right; and it is argued that such vested right resulted from the incontestable clause existing in the constitution at the date of the issuance of the benefit certificate.

The logical and reasonable deduction from this argument would lead to the conclusion that the insured had the right, after the lapse of two years from the date of the issuance of the certificate, to elect the mode and manner of his death, and, by suicide, to terminate the life expectancy, which was in the contemplation of the parties and entered into and formed the basis of the contract of insurance. Moreover, the argument, when analyzed and carried to its legitimate conclusions, would leave no field of operation for the provision in the contract relative to the adoption by the association of subsequent rules and laws for the government of its members. It cannot be doubted that the law, which was here adopted by the association and set up by the defendant in its pleas, was not only a reasonable one, but also beneficial to all its members, including the insured in this case. Conceding, for the sake of argument, that the incontestable clause contained in the constitution was applicable to cases of suicide, still the provision contained in the benefit certificate in reference to the adoption of subsequent laws by the association is more specific, and, if a conflict between the two exists, the latter should prevail, and for the reason, if no better could be given, by such construction a field of operation would be given to both provisions.

We are of the opinion that the adoption of the subsequent law by the defendant association did not impair the obligation of the contract as entered into by the parties at the time it was made; and, from what we have said above, our conclusion is that the court erred in overruling the defendant's demurrers to the plaintiff's replications.

Reversed and remanded.

HARALSON and ANDERSON, JJ., concur. TYSON and DENSON, JJ., concur in the conclusion reached, without being committed to all that is said in the opinion.