EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN *v.* HEWITT.

Opinion delivered March 6, 1916.

FRATERNAL INSURANCE—PROOF OF INJURY—STIPULATION AS TO METHOD OF PROOF.—In a policy of accident insurance in a fraternal order, it was provided that "in the event of fracture * * * satisfactory proof in such case shall be taken to mean an x-ray photograph made" in a certain manner. *Held,* under the policy that the x-ray photograph was not intended as a substitute for evidence of loss to be adduced at the trial, in an action to recover on the policy, and that the insured may resort to other proof at the trial, and the failure of the x-ray photograph to reveal a fracture, will not preclude a recovery on the policy.

Appeal from Howard Circuit Court; *Jefferson T. Cowling* Judge; affirmed.

*Wm. A. Roane* (of Atlanta, Ga.) and *W. C. Rodgers,* for appellant

The policy sued on provides that, "This covenant is executed in consideration of the compliance on the part of this Guest with the constitution and by-laws of this fraternity now existing or hereafter legally amended, all of which are a part of this covenant." The by-laws thus mentioned became by operation of law a part of the insurance contract. 52 Ark. 202, 206; 55 Ark. 210, 212; 80 Ark. 419, 21; 81 Ark. 512, 514; 105 Ark. 140; 24 Fed. 97; 110 Ia. 642; 89 Mo. App. 621; 34 Mont. 357; 33 Fed. 11.

It is not necessary that the by-laws be referred to in order that they may become binding. 118 Cal. 6.

The assured must come within the requirements of future as well as existing by-laws. 118 Cal. 613.

The constitution of the order reserves the right "From time to time to amend its constitution and by-laws."

One who becomes a member of a mutual insurance company thereby assents to all its by-laws. 123 Ind. 128; 101 Mich. 161. And such a person is conclusively presumed in law to have made himself familiar with the constitution and by-laws. 1 Bac. Ben. Soc., § 157.

And whether they do so or not, the law imposes knowledge thereof on all members. They must take notice of these laws of the order at their peril. 102 Ind. 462; 1 Bac. Ben. Soc. § 81; 7 W. & S. (Pa.) 348, 351; 18 Ia. 425, 531; 46 Vt. 362, 371; 51 Pa. St. 402.

By joining the order the member is deemed to have assented to the by-laws and to have contracted with reference thereto. 46 Vt. 362, 371; 71 Ala. 436.

Even though the member be utterly ignorant of the by-laws, he is nevertheless bound thereby. 123 Ind. 128; 90 Ia. 685; 24 Hun, 149.

Where the right of amendment is reserved in the contract a member can not complain of an amendment even though it may affect him injuriously. 117 Cal. 370; 99 Cal. 392.

A member can not claim the benefit of his contract with the order and in the same breath repudiate the constitution and by-laws by which it is governed and to which it owes its existence. 29 Pa. Sup. Co. 492.

The policy provides that the assured in event of injury shall furnish satisfactory proof thereof, and to make this meaning clear, further provides that "satisfactory proof shall be taken to mean an x-ray photograph made and certified by a physician selected by the eminent director." Thus the assured is definitely directed what kind of proof shall be made. It is conceded that this requirement was not complied with.

The assured recognized his duty of conforming to this method of proof, but the examination did not show a fracture and he repudiated it and resorted to other testimony not authorized by the constitution and by-laws. When the law provides that something must be done in

a certain manner this necessarily precludes any other manner of performance. *Expressio unius est exclusio alterius.* 10 N. Y. S. 436, 437; 28 N. J. L. 491, 497; *Ex parte Jordan,* 94 U. S. 248.

The requirement that the proof shall be made in the manner stipulated necessarily implies that it may not be made in any other. 66 U. S. 55; 103 U. S. 770; 38 Ark. 205, 206; 45 Ark. 524, 527.

If the assured is not required to comply with this by-law, the order should not be required to comply with any other. If the by-law can be ignored by the assured, a member of the order is more powerful than its by-laws. We can see no good reason for such a construction.

*D. B. Sain* and *T. D. Crawford,* for appellee.

1.   It is conceded that the by-laws of a fraternal order become part of the contract, and that the assured is bound by subsequent amendments where the right is reserved in the contract or charter. Vance on Ins. 193; 83 Am. St. 714. But the mere fact that a member agrees to comply with all the laws of the order subsequently enacted in no manner alters the rule that such laws should be given a prospective operation in the absence of a clear intent that they should act retrospectively. 112 Ga. 545; 1 Bacon Ben. Soc., § 187; Niblack, Acc. Ins. and Ben. Soc., p. 62; 104 Fed. 638; 59 Wis. 162; 4 Hun, 339; 22 Ore. 271; 164 Ill. 344; 45 N. E. 543.

2.   If the by-laws intended to make plaintiff's right to recover depend upon procuring an x-ray photograph and a physician selected by his "eminence," the "medical director," such a by-law is *unreasonable* and void. 1 Bacon on Ben. Soc., § 85; 54 L. R. A. 602, 605; 55 *Id.* 465; 76 S. W. 259; 78 Minn. 448; 160 N. Y. 549; 172 N. Y. 515.

3.   Facts peculiarly within a defendant's knowledge need not be proven by plaintiff. 2 Bacon on Ben. Soc., § 469; 39 Ark. 209; 2 Chamb. on Ev., § 978; 56 Ark. 127. No specific objections were made to the instructions. They should be construed together. The burden was on

appellant to show nonliability.    173 S. W. 838; 80 Ark. 190; 87 *Id.* 115; 108 *Id.* 130; 111 *Id.* 554; 29 Cyc. 232-3.

McCULLOCH, C. J.    Appellant is sued on a life and accident insurance policy issued to appellee, as one of its members, the right of action in the case being based on an accidental injury alleged to have been sustained by appellee, resulting in a fracture of one of his arms.    There was a trial of the issue before a jury and a verdict in favor of appellee for the full amount mentioned in the policy for that character of injury.

The policy was issued to appellee in the year 1908, and the accidental injury is alleged to have occurred in February, 1915.    Appellee adduced the testimony of himself and two or three physicians who treated him, to the effect that his arm was fractured.    The affidavits of the physicians were sent in to appellant with the proof of injury, and at the request of appellant the appellee submitted to an x-ray examination by a physician designated by appellant, and furnished the x-ray photograph as a part of the proof of loss, but the photograph did not show that there had been a fracture.    The physician who made the x-ray examination testified that there was no evidence disclosed by the examination that there had been a fracture.

Appellant defends on the ground that there is no liability unless the fracture be disclosed by an x-ray examination by a physician of its own selection.    It relies, for this defense, upon an amendment to the by-laws enacted subsequent to the date of the issuance of the policy to appellee.    The benefit certificate or policy recited that it was executed in consideration of the warranties made by the assured in the application, and his compliance with the constitution and by-laws of the fraternity "now existing or hereafter legally amended, all of which * * * are a part of this covenant."    The original by-laws in force at the time of the issuance of the policy to appellee provided that if the beneficiary suffer a fracture of the arm he should be paid the sum of $200, and the policy contains a covenant to that effect.

At the annual meeting of the fraternity in December, 1914, the by-laws were amended by the enactment of another section in the following language: "Section 8, article 11. In the event of fracture as provided in this section, satisfactory proof thereof shall be furnished the society, and satisfactory proof in such case shall be taken to mean an x-ray photograph made and certified to by a physician selected by the eminent medical director, the expense incurred in connection with such proof to be paid by the society."

The constitution and by-laws, as set forth in the record in this case, contain no further reference to a requirement for a proof of loss, and the question of liability turns upon the construction of the amendment quoted above. Much effort is devoted by counsel to discussion of the question whether or not the amendment can be given a retroactive effect so as to apply to a contract with appellee entered into prior to the enactment of the amendment. The view we take of the case in construing the amendment renders it unnecessary for us to enter into a discussion as to how far a fraternal order can go in applying amendments of the by-laws to antecedent contracts of insurance made with its members. The authorities on that subject are not in entire accord. It seems to be very generally settled that where either the policy itself or the by-laws and constitution in existence at the time of the issuance of the policy contain a stipulation for future changes, they may be made, and when made apply to pre-existing contracts. But some of the cases limit the exercise of such power to such changes as do not materially affect the original contract. 29 Cyc. of Law, 72, *et seq.; Fraternal Union of America* v. *Zeigler,* 145 Ala. 287; *Reynolds* v. *Royal Arcanum,* 192 Mass. 150.

But we assume, for the purposes of this decision, that the change in the by-laws was authorized and that it applied to the contract with appellee, and we proceed to determine whether or not the proper construction thereof defeats appellee's right of recovery. The contention of learned counsel for appellant is that furnishing an x-ray

photograph showing a fracture of the arm is a condition precedent to the right of recovery. We do not so interpret the language of the contract, according to the amended by-laws. The provision undoubtedly constitutes a requirement that satisfactory proof of the injury be furnished, and it undertakes to define what satisfactory proof is. According to its language an x-ray photograph is defined to be satisfactory proof, but it does not state that the x-ray examination and the photograph thereof must show the fracture. This is an important distinction, for if it had been intended to make the right to recover depend upon the fact that an x-ray photograph revealed the existence of a fracture, then it could have been expressed in more appropriate language. The original by-law, and the policy issued pursuant thereto, contained an unconditional provision that in case of a fracture of the arm of the beneficiary he should be entitled to the payment of $200. The language of that section stands unamended by the subsequent enactment, but the effect of the new provision brought about by the amendment is that an x-ray photograph made and certified by a physician selected by the fraternity must be furnished as a part of the proof of loss. The language used does not justify us in holding that the proof by an x-ray photograph was intended to be exclusive evidence of the fracture on the merit of the case. Especially is this true in the face of the original provision that a certain stipulated sum should be paid in the event of a fracture.

We think the proper construction is that the undertaking on the part of the insurer was to pay the sum named in case of an accidental fracture, but that the assured must submit to an examination by a physician selected by the fraternity, and an x-ray photograph furnished with the proof of loss. This does not exclude any other proof of the existence of the fracture, but was intended as a requirement to give the officers of the fraternity an opportunity to make the fullest investigation. The assured is not concluded by the fact that the x-ray photograph does not reveal the fracture, but is entitled to prove

that fact by any other competent evidence. It can not be said that because the x-ray photograph is required as the satisfactory proof of loss that the assured must necessarily be bound by it. The contract as to the form of proof of loss under a policy is not intended as a substitute for evidence of loss to be adduced at the trial of an action to recover the amount thereon. Unless the contract itself expressly makes the right of recovery depend upon the existence of the loss as disclosed in the proof furnished, the assured has the right to resort to other proof in the trial of his suit.

Our conclusion, therefore, is that the fact that the x-ray photograph fails to reveal the existence of the fracture does not preclude recovery on the policy, where the assured complied with the terms by submitting to the examination and furnishing the photograph, and has proved his injury by other competent evidence. The issue was submitted to the jury upon instructions in conformity with this view of the law, and we find no error in the record.

The judgment is therefore affirmed.