SOUTHERN WOODMEN v. DAVIS.

Opinion delivered June 19, 1916.

1. BENEFIT INSURANCE—TOTAL DISABILITY—IMPROPER DIAGNOSIS.—
Plaintiff's right to recover from a fraternal order, for total disability
will not be defeated because his physicain, in examining him, diag-
nosed his trouble as tuberculosis, when it later proved to be inter-
stitial nephritis.

2. BENEFIT INSURANCE—TOTAL DISABILITY.—Plaintiff held a certificate
in defendant order, entitling him to a certain sum in the event he
became permanently disabled. *Held*, an instruction was proper,
which told the jury that the plaintiff might recover if his condition
was such that he was permanently unable to perform any substantial
portion of the occupation or occupations which he had been accus-
tomed to following, and that when such disability is permanent, then
plaintiff was totally and permanently disabled under the policy.

Appeal from Grant Circuit Court; *W. H. Evans,*
Judge; affirmed.

*N. A. McDaniel,* for appellant.

1.   The proof of loss was not satisfactory as to total
and permanent disability.   Nor is there proof in the rec-
ord of the fact.   Besides appellee abandoned his first
claim that he had tuberculosis and undertook to show
that he had interstitial nephritis.

2.   The verdict is contrary to the evidence.   Total
disability was not shown from any cause.   The verdict is
contrary to law also.   The application and policy and the
constitution and by-laws constituted the contract.   105
Ark. 140; 81 *Id.* 512.   If plaintiff failed to comply with
his contract he can not recover.   97 Ark. 425.

3.   The court erred in instructions given and re-
fused.   They are conflicting.   There was no evidence to
sustain No. 2 given.   Nos. 3 and 4 for plaintiff refer to
the occupation which he had been accustomed to follow
when they ought to say "the occupation named in the ap-
plication and covenant."   Instruction 2 asked by defend-
ant and amended and given on the court's own motion,
was no instruction at all, as it instructs the jury that if
they find certain things, etc., but does not tell them what
they must do if they so find.

*Thos. E. Toler* and *W. D. Browse,* for appellee.

1.ˈ Proof of total and permanent disability was made. The member was entitled to recover upon being totally and permanently disabled *from any cause.* A mistake or wrong diagnosis does not matter as the jury found that he was permanently and totally *disabled.*

2. No error is shown in the instructions. Proof of loss was made on the blanks furnished by appellant. No further proofs were asked and hence waived. 79 Ark. 475. If an incomplete proof of loss is furnished in good faith and accepted by the company without objection, its silence is a waiver of any defects. 91 Ark. 43. The occupation mentioned in the covenant and application was "farmer," but all farmers do some hauling and the objections to 3 and 4 were properly overruled. 97 Ark. 425. But if error it was covered by No. 3, asked by appellant. 117 Ark. 524. If there was any ambiguity in the language of the contract making it susceptible of different constructions that should be adopted most favorable to the insured. 111 Ark. 167, 172. Defendant's instruction No. 2 was improper as asked and as given. It was not prejudicial. If incomplete, it was harmless. An acceptance of proof of loss made after thirty days, without objection, is a waiver. 61 Ark. 108.

McCULLOCH, C. J. The plaintiff, E. G. Davis, instituted this action against the Southern Woodmen, a fraternal insurance society, to recover on a benefit certificate which provides for the payment of a benefit in the case of death of a member or "guest" as he is termed in the contract, and also that "on satisfactory proof of total and permanent disability at any age, this guest shall receive the value of this covenant at the time of such disability." The amount to be recovered was, under the terms of the contract, graduated according to the length of continuous membership, and in this instance the amount to be recovered in case of total disability was the sum of $1,700. On trial of the case below, the plaintiff re-

covered judgment for the sum named and the defendant has appealed to this court.

The evidence shows that the plaintiff is fifty-five years of age, and was a farmer in Grant County, Arkansas, and was sometimes engaged in the logging business. He was entirely uneducated, being unable to read or write. He became ill and subsequently made application to the society, through the officers of the local organization of which he was a member, for the payment provided in case of total and permanent disability. Blanks were sent from the home office at Birmingham for proof of loss, and those blanks were filled out in due form and forwarded to the home office. The proof tended to show a total and permanent disability, but the ailment disclosed in the examination of the physician was shown in the affidavit of the physician to be tuberculosis. The society caused an examination to be made by another physician, who failed to find any indications of the disease named, and refused payment, whereupon this suit was commenced to recover the amount.

The proof adduced by the plaintiff tends to show not a case of tuberculosis but of interstitial nephritis or Bright's disease. The evidence was sufficient to establish the fact that the plaintiff is incurably afflicted with that disease and that he is totally and permanently incapacitated from any kind of manual labor, such as is necessary to carry on his business of farming or logging. Plaintiff introduced several physicians who examined him and testified in support of his claim of total disability. The evidence does not show that plaintiff is absolutely helpless, but it does show that he is unable to perform any manual labor pertaining to the duties of his occupation, or any of any other occupation as for that matter.

(1) The first and principal contention of the defendant is, on this appeal, that the plaintiff was not entitled to recover because he did not furnish satisfactory proof of loss. The contention is that plaintiff's case must fail because he sent in proof of disability on account

of tuberculosis and that he subsequently abandoned that and undertook to prove that he was suffering from another disease which caused his alleged total disability. We do not think there is any merit in defendant's contention, for it simply comes down to the point whether or not the plaintiff is bound by the diagnosis of the physician as to the cause of his disability. He furnished proof upon blank forms prescribed by the home office of the society, and those proofs tended to show that he was permanently and totally disabled, and his right to recover is not defeated because there was an error made by the physician in the diagnosis of his case. The point sought to be established by the proof of loss furnished was that he was disabled and the cause of the disability was merely an incident, and if there was an error in that respect it did not prevent recovery of the amount which the proof in the trial of the case shows that the plaintiff was entitled to. He was not, in other words, limited to the testimony set forth in the proof of loss in establishing the cause of his disability. *Eminent Household of Columbian Woodmen* v. *Hewitt,* 184 S. W. 52, 122 Ark. 480.

Defendant's erroneous contention runs through the instructions which were asked concerning the proof of loss, and what we have said disposes of the assignments of error in that regard.

(2) It is further contended that the court erred in giving plaintiff's instruction No. 3, which reads as follows: "You are instructed that if you find from a preponderance of the evidence that the plaintiff was totally and permanently disabled at the time of the institution of this suit, he is entitled to recover in this action; and if he was unable to do any substantial portion of the occupation or occupations which he had been accustomed to following, and that such inability is permanent, then he was totally and permanently disabled under the policy upon which this suit was instituted."

The court gave, at the request of the defendant, an instruction which we think is substantially the same as

the instruction just quoted, and we scarcely deem it necessary to discuss the correctness of those instructions for the reason that the giving of substantially the same instruction at defendant's request was an acquiescence in the one given by the plaintiff. There seems to be a conflict in the authorities as to whether or not under a policy providing for payment in case of total disability without reference to any particular occupation, it is sufficient merely to show disability concerning the particular occupation in which the disabled party was then engaged. We have several decisions of this court which throw some light on the question, but they are not entirely decisive of the particular question now suggested. *Maryland Casualty Co.* v. *Chew,* 92 Ark. 276; *Industrial Mutual Indemnity Co.* v. *Hawkins,* 94 Ark. 417; *Brotherhood of L. F. & E.* v. *Aday,* 97 Ark. 425.

Defendant specifically objected to the instruction No. 3 on the ground that it referred to the occupations which the plaintiff was accustomed to engaging in, instead of "the occupations named in plaintiff's application." Counsel for defendant have not abstracted the application, if, indeed, the application appears at all in the record, but we assume from the argument that the application stated the occupation of the plaintiff to be that of a farmer. We do not think, however, that the terms of the policy apply entirely to the particular occupation named in the application, unless the language is sufficient to constitute the statement as a warranty not only that the plaintiff is engaged in that work but will continue to do so. However, there is nothing in the instruction which excludes the idea that it covered the occupation mentioned in the application, for the instruction uses a broader term in referring to "occupation or occupations which he had been accustomed to following." The proof, if sufficient to establish a total and permanent disability at all, shows that plaintiff was disabled not only from the occupation mentioned but from all other pursuits.

The evidence adduced in the case, when considered as a whole, makes it very doubtful whether plaintiff was in fact permanently and totally disabled within the meaning of the policy, but there was evidence to sustain the plaintiff's cause of action, and the issue must be treated as settled by the verdict of the jury. We are of the opinion that the case was submitted to the jury upon correct instructions. That being true, it follows that the judgment must be affirmed. It is so ordered.