BUSINESS MEN'S ACCIDENT ASSOCIATION OF AMERICA *v.* COWDEN.

Opinion delivered December 3, 1917.

1. ACCIDENT INSURANCE—DEATH—BURDEN OF PROOF.—In an action to recover on an accident policy, it was admitted that deceased met his death by violent external means, the policy provided against liability if insured met his death from intentional injuries inflicted by himself or others, except in an assault committed for burglary or robbery. *Held,* under the admission above set out the burden was upon the defendant insurance company, to escape liability, to prove that deceased's death was caused by a breach of one of these conditions.

2. ACCIDENT INSURANCE—DEATH—PROOF—JURY QUESTION.—In an action on a policy of accident insurance, it was admitted that deceased met his death by violent external means. *Held,* under the evidence that it was proper for the trial court to instruct a verdict for the plaintiff.

3. INSURANCE—PROOF OF LOSS—WAIVER.—The proof of loss is a condition of the policy which may be waived by the insurer, and is waived, when it accepts without objection as to form, the proofs offered by the claimant; it is not necessary that the proofs show facts making the insurer liable.

4. EVIDENCE—DEPOSITIONS TAKEN ON NOTICE—USE BY ADVERSE PARTY. —Where depositions are taken by a party upon notice to be used in an action at law, they can not be introduced over the objection of the party by his adversary; the rule being otherwise where the depositions are taken by agreement.

5. INSURANCE—PENALTY AND ATTORNEY'S FEES.—The act of March 1905, page 307, authorizing the recovery of 12 per cent. damages and reasonable attorney's fees in cases where loss occurs, and the insurance company fails to pay after demand, will not be applied to an insurance contract, executed and to be performed wholly within another State.

Appeal from Marion Circuit Court; *John I. Worthington;* reversed as to the attorney fee; affirmed on the verdict.

*Geo. H. Perry* and *Gilmore & Brown* (of Missouri) for appellant.

1. No proof of loss, showing liability was furnished. 190 Mass. 171, 448; 202 *Id.* 290; 95 U. S. 232; 89 *Id.* 32; 204 Fed. 653.

2. The unexplained statements of the coroner and friends and neighbors of deceased, in the absence of explanation by plaintiff make a *prima facie* case for defendant, and imposed on plaintiff the burden of proving that deceased was not murdered, but that his death was the result of accident. 89 U. S. 32; 150 N. C. 1; 190 Mo. App. 57; 176 S. W. 253. No accidental death was proven. 267 Ill. 267; 80 Fed. 368; 65 So. 852.

3. The attorney's fee is a penalty by statute and not recoverable. 49 Ark. 455; 86 *Id.* 115; 224 U. S. 354.

4. The depositions offered should have been admitted in evidence, plaintiff had the opportunity to cross-examine the witnesses but did not do so. 15 Ark. 345; 85 *Id.* 263; *Ib.* 390.

5. The provisions of our statute have no extraterritorial effect, and no penalties should be allowed, nor attorney's fees taxed. 68 S. W. 889; 197 U. S. 262; 193 *Id.* 551; 184 *Id.* 695; 106 Fed. 815; 240 Ill. 45; 10 Wash. 202; 84 Neb. 866; 98 Tex. 230; 123 U. S. 661; 23 L. R. A. 264; 147 Cal. 763; 30 Cyc. 1347.

6. It was certainly error to direct a verdict, a clear case having been made for a jury.

*Allyn Smith* and *Williams & Seawel,* for appellee.

1. Proofs of death were made and no objections offered. They may be waived even. 95 U. S. 232; 112 *Id.* 896; 9 How. 390; 131 U. S. 694 (L. Ed. 25). The only condition precedent was that plaintiff furnish proof on blanks furnished by the company. This was done.

2. There was no error in the ruling of the court on the offer of appellant to introduce proofs of loss.

Where an incomplete proof of loss is furnished and accepted without objections, or where all liability is denied, there is a waiver of proof of loss. 53 Ark. 494; 77 *Id.* 27; 79 *Id.* 475; 143 Pa. St. 570; 87 Ark. 174; 74 S. W. 203; 126 Ark. 493; 106 *Id.* 91.

3. There was no error in refusing to allow the depositions for plaintiff to be read. They were taken on notice and not by agreement. 15 Ark. 345; 92 *Id.* 276; 85 *Id.* 390; 195 S. W. 13.

4. Attorney's fees and penalty were properly allowable under the statute. 102 Ark. 43; 84 *Id.* 187; 86 *Id.* 115; 207 U. S. 73; 85 Ga. 751; 12 S. E. 18; 119 Ark. 102.

5. A verdict was properly directed. Plaintiff made a *prima facie* case and defendant introduced no evidence. 80 Ark. 190; 128 Ark. 155; 9 Ann. Cas. 919 and note; 57 Ark. 461; 79 S. W. 1163; 231 Ill. 380, etc.

McCULLOCH, C. J. William L. Cowden, a resident of the State of Kansas, secured a policy of accident insurance upon his own life, payable to his wife, Florence L. Cowden, from the defendant, Business Men's Accident Association of America, an insurance corporation domiciled at Kansas City, Missouri. Cowden met his death on or about September 27, 1913, while the insurance policy was in force. His body was found in the Missouri River at Kansas City on October 1, 1913, and due notice of death was given by the beneficiary in accordance with the terms of the policy. Proof of loss was made and furnished on blanks provided by the company, and payment of the policy was refused on the ground that the manner of death did not come within the terms of the policy, so as to create liability on the part of the insurer.

The present action to recover on the policy was instituted by the beneficiary, Mrs. Cowden, in the circuit court of Marion County, Arkansas, nearly three years after the death of her husband. The trial of the cause before a jury resulted in a verdict in favor of the plaintiff for the amount of the policy and the court rendered

judgment for the amount, and also for attorney's fees, but refused to enter judgment in favor of the plaintiff for the twelve per centum damages prescribed by statute. The defendant appealed from the judgment and the plaintiff cross-appealed from that part of the judgment refusing to allow damages. The verdict of the jury was rendered in plaintiff's favor pursuant to a peremptory direction by the court.

The first question presented here for our consideration is whether or not the court erred in directing a verdict. The policy of insurance constituted, according to its terms, an undertaking on the part of the defendant company to pay the amount named therein to the said William L. Cowden in the event of his accidental injury, or, "in the event of accidental death to pay to Florence L. Cowden (his wife) the benefits * * * provided such injury or death be caused during his membership, solely and exclusively by external, violent and accidental means." Reference is made in the policy to the by-laws of the defendant association and the same were declared to be a part of the policy. The by-laws contained a provision to the effect that the company should not be liable for "intentional injuries inflicted by the insured while sane or insane, or by any other person while sane or insane, except assaults committed for the sole purpose of burglary or robbery," which said provision was, by express stipulation of counsel entered on the record at the time of trial, conceded to exclude liability on the part of the company for death of the insured caused by self-inflicted injuries, or by injuries inflicted by any other person "except assaults committed for the sole purpose of burglary or robbery." At the beginning of the trial the following agreement was entered into concerning the facts:

"It is admitted that William L. Cowden, the insured, is dead, his body having been found in the Missouri River at Kansas City about October 1, 1913, with a wound on the head and face on the right side that penetrated the brain and caused his death. It was a sharp and in-

cised wound that did not fracture the bone or tear the flesh. It was just cut.''

Thereupon the court announced a ruling as follows: ''Upon that admission the burden of proof is upon the plaintiff to show that proofs of death were furnished to the company, and upon the defendant to show that the insured came to his death as a result of murder, and not an accident.''

(1) The plaintiff then introduced certain letters received from the defendant's manager of the claim department acknowledging receipt of the proof of loss within due time, and subsequently denying liability under the policy. The plaintiff then rested her case, and no other proof was introduced in the case except the further admission above referred to concerning the exclusion of liability for certain causes of death. The ruling was not accurate in declaring the extent to which the burden rested on the defendant, but the court was correct in holding that the admission of facts set forth in the record cast upon the defendant the burden of proof to show that the death occurred from one of the causes which exempted the company from liability and constituted a defense to the action. In other words, the admission of the fact that the death occurred from violent, external means made out a *prima facie* case in favor of the plaintiff, and put the burden of proof on the defendant to show that the death resulted from a self-inflicted wound, or from a wound inflicted by another person for purposes other than for burglary or robbery. The point is expressly ruled by the decision of this court in the recent case of *Aetna Life Insurance Co.* v. *Taylor,* 128 Ark.155, 193 S. W.540, where we said that ''accident policies generally contain a clause, the purpose of which is to relieve the insurer from responsibility in case of death of the insured caused by intentional injuries inflicted by the insured or some third person, or caused by disease, or caused by voluntary exposure to unnecessary danger, etc., and that, where the insurer sets up the breach of one of these conditions

as a defense, the burden is, of course, upon it to prove by a preponderance of the evidence that death was caused by a breach of one of these conditions.'' The present case falls squarely within this rule. The policy in suit provided for payment in the event of death of the insured ''solely and exclusively by external, violent and accidental means'' but a further condition was prescribed in the by-laws which exempted the company from liability in certain events. So where the proof adduced either by the testimony of witnesses or by agreement of parties made out a *prima facie* case in favor of the plaintiff by establishing the death from ''external, violent and accidental means'' the burden shifted to the defendant to prove that the death resulted from some of the causes falling within the exemption prescribed in the by-laws.

(2) The only remaining question, then concerning the correctness of the court's ruling in giving a peremptory instruction is whether or not, upon the admission of this fact, there was sufficient testimony to warrant a submission to the jury of the issue cause of death from some of the means which would have exempted the defendant from liability. There is a presumption against suicide. *Grand Lodge* v. *Bannister,* 80 Ark. 190; Aetna *Life Insurance Co.* v. *Taylor, supra.* In the face of that presumption and of the conceded facts set forth in the agreement concerning the condition of the body when found, it can scarcely be urged with any degree of plausibility that a finding of suicide would have been justified. There is no circumstance tending to establish suicide and nothing from which any reasonable inference to that effect could have been drawn. So there was certainly no error in the failure of the court to submit that question to the jury. The condition of the body as shown by the agreement was, it is true, sufficient to warrant the inference that death was caused by a violent blow inflicted by some other person, and that question should have been submitted to the jury if

a finding thereon would have been determinative of the liability of the defendant. But, under the terms of the policy, and the rules of evidence applicable to the trial of the issue, it devolved upon the defendant to prove not only that the death of Cowden resulted from wounds inflicted by some other person, but also that the assault was for some purpose other than for burglary or robbery. Now there was nothing in the meager circumstances set forth in the agreement that would have justified the jury in determining what the purpose of Cowden's assailant was. That was purely speculative and was a matter of conjecture which the jury would have had no right to indulge in. In other words, there was entire absence of proof as to the purpose of the assailant and therefore, there was nothing to submit to the jury on that issue. The defendant simply failed to maintain the burden cast upon it to make out a defense and the court was correct in directing a verdict in favor of the plaintiff.

(3) Numerous other errors of the court are assigned. It is contended that the proof of loss furnished by the plaintiff was insufficient to show on its face liability of the company in accordance with the terms of the policy, and that the court erred in refusing to render judgment in favor of the defendant on that account. The contention is that proofs of loss making an affirmative showing of liability is a condition precedent to the maintenance of an action. Conceding that the proof of loss fails to show on its face a case of liability against the defendant, or even that it shows affirmatively a cause of death for which the defendant was not liable, yet we do not agree with counsel that this state of the proof would prevent recovery. The proof of loss is a condition of the policy which may be waived by the insurer and is waived by accepting, without objection as to form, the proofs offered by the claimant. *Hartford Fire Ins. Co.* v. *Enoch*, 79 Ark. 475; *Home Ins. Co.* v. *Driver*, 87 Ark. 171. The policy provided that proof of loss should be made out on blanks furnished by the company, and it appears that

that was done in the present case. No objection was made to the form or subject-matter of the proof, but liability was denied solely on the ground that the facts of the case did not make the company liable under the policy. Counsel argue the point as if the terms of the policy were sufficient to restrict liability to a case affirmatively made out by the statements in the proof of loss. In other words, it is argued that under the by-laws the liability of the company is conditioned upon an affirmative showing of liability made in the proof of loss rather than upon the facts as they really exist and proved on the trial of the cause. Such is not, we think, the law, and that view of the matter is in conflict with our decision in the recent case of *Columbian Woodmen* v. *Hewitt*, 122 Ark. 480. In that case the requirement of the policy was that where the claim was based upon the fracture of a bone an X-ray photograph must accompany the proof of loss, and it was contended that in order to establish liability it was necessary to furnish with the proof of loss itself an X-ray photograph revealing the fracture, but we held to the contrary and held that even if the photograph failed to disclose the fracture, yet there might be recovery upon proof being adduced at the trial showing that there was in fact a fracture of the bone. The decision of the Supreme Court of the United States in the case of *Insurance Co.* v. *Rodel*, 95 U. S. 232, is also in point and establishes the law contrary to the contention of counsel for defendant.

It is next insisted that the court erred in refusing to permit defendant to introduce in evidence the proof of loss furnished by plaintiff as an admission concerning the death of the insured. There is a controversy between counsel as to what really occurred, but an inspection of the record leads us to the conclusion that the court did not refuse to permit defendant to introduce the proof of loss for the purpose named, but, on the contrary, expressly ruled that the proofs could be introduced for consideration by the jury as an admission of fact made by

the plaintiff concerning the cause of death. When the court announced its ruling, counsel for defendant shifted their position, insisting that the proofs of loss were competent to show their insufficiency, or, to use the precise language of counsel at the time the incident occurred, "to show that there was no proof of claim." The evidence was not competent for that purpose, as it is shown by the uncontradicted evidence that the proof had been accepted by defendant without objection and the insufficiency of the proof was, therefore, waived. Counsel failed to take advantage of the offer of the court to introduce the proofs of loss, and the record does not show that the same were introduced at all for any purpose. The bill of exceptions contains the document merely as an offer on the part of the defendant to introduce it, but it was not introduced before the jury for consideration for any purpose. Defendant can not, however, complain for the reason that it declined to accept the court's offer to introduce the proofs of loss with a restriction of the consideration for the purpose named. We find no error according to the record in this regard.

(4) The plaintiff took the deposition of two witnesses, and the same were duly filed, but did not introduce the depositions in evidence. The defendant thereupon claimed the right to introduce the depositions, but the court refused to permit this to be done and the ruling is assigned as error. The depositions were taken upon notice, and not by agreement, and counsel for defendant appeared and cross-examined the witnesses, and also brought out new matter from the witnesses upon which counsel for plaintiff cross-examined. Notwithstanding the conflict of authority on the question, this court has steadily adhered to the rule that where depositions are taken by a party upon notice to be used in an action at law, they can not be introduced over the objection of the party by his adversary, the rule being otherwise where the depositions are taken by agreement. *Greenville Stone & Gravel Co.* v. *Chaney,* 195 S. W. 13. Counsel for de-

fendant insist that the reason upon which our ruling is based is that the party has not had an opportunity to cross-examine, and that in this particular case that reason for the rule is absent and the rule itself should not apply. It is a mistake, however, to say that the reason stated by counsel is the only one upon which the decision of this court is based. On the contrary, other reasons were distinctly given in the first case announcing the rule. *Sexton* v. *Brock,* 15 Ark. 345. The question was very carefully considered in that case and the opinion by Chief Justice WATKINS laid down the rule which appears to be sound in reason and has never been departed from by this court. Suffice it to say the present case falls within that rule, and our former decisions are now adhered to.

(5)    The remaining assignment to be discussed relates to that part of the judgment which awards recovery of attorney's fees, and we are of the opinion that the court erred for the reason that the liability under this policy does not fall within the terms of the statute of this State authorizing the recovery of 12 per centum damages and reasonable attorney's fees in cases where loss occurs and the insurance company fails to pay after demand. Act of March, 1905, page 307. We have held that the statute is highly penal and should be strictly construed, and we refused to apply it to a policy issued by a fraternal insurance society. *Knights of Maccabees* v. *Anderson,* 104 Ark. 417. In the case of *Arkansas Mutual Fire Insurance Co.* v. *McManus,* 86 Ark. 115, we upheld the constitutionality of the statute and in the opinion treated it as one borrowed from the State of Texas, where it has been upheld as the proper exercise of the police power. The Supreme Court of the United States upheld the constitutionality of such statutes on the ground that they constituted conditions upon which corporations are permitted to do business in a given State. *Fidelity Mutual Life Assn.* v. *Mettler,* 185 U. S. 308. The statute was evidently intended by the lawmakers as a part of our insurance laws regulating insurance companies doing business in this State, and was intended as

a protection to the holders of policies written in the progress of that business. It was not intended to penalize insurance companies for failure to comply with contracts executed and to be performed wholly within another State, for otherwise the effect would be to give an extraterritorial force to a highly penal statute. We should not attribute any such intention to the lawmakers. It is insisted by counsel for plaintiff that this court in the case of *Massachusetts Bonding & Ins. Co.* v. *Home Life & Accident Co.*, 119 Ark. 102, held that the statute applied to losses which occurred outside of the State under policies written elsewhere, but such is not the purport of that decision. We merely held there that a penalty could not be collected out of the assets of an insolvent corporation because of the failure of the receiver to pay, and the question was not raised there as to the right to impose a penalty under the statute on a policy written elsewhere and where the loss occurred in another State. The property insured in that particular case was situated in Arkansas and that would differentiate the facts in that case from those in the present case. However, we hold that the statute was not intended to penalize a company on policies which were written and which matured in another State.

The court was in error, therefore, in rendering a judgment for recovery of attorney's fees and that part of the judgment is reversed. In other respects the judgment is affirmed.