## NEW YORK LIFE INS. CO. v. MILLER.

### No. 12680.

Circuit Court of Appeals, Eighth Circuit.

Jan. 12, 1944.

Ferdinand H. Pease, of New York City, Virgil Willis, of Harrison, Ark., and A. F. House, of Little Rock, Ark., for appellant.

No appearance for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This action was brought in a state court of Arkansas by the appellee, Dora Miller, a resident of that State, against the appellant, to recover upon a policy of life insurance in which she was the beneficiary. The policy was issued in January, 1930, by the appellant, a life insurance company of New York, to Flora M. Maddox, later Flora M. Dillon, a citizen of California, who died in December, 1941, while the policy was in force. The appellant removed the case to the United States District Court for the Western District of Arkansas, and by answer and cross-complaint converted it into an action in interpleader, with Dora Miller (the appellee), Carl Maddox, the first husband of Flora M. Dillon, the insured, (from whom she had been divorced September 9, 1931), and Claude Dillon, her second husband, as adverse claimants. In its answer the appellant admitted its liability under the policy, but asserted its inability to determine whether all premiums were paid by the insured or whether Carl Maddox and Claude Dillon, named as cross-defendants, contributed to the payment of premiums. In its cross-complaint the appellant asserted that it had deposited the amount due upon the policy in the registry of the court; that there were two or more adverse claimments, citizens of different states, who claimed to be entitled to the money, namely, Dora Miller, a citizen of Arkansas, Carl Maddox, a citizen of Colorado, and Claude Dillon, a citizen of California; that Carl Maddox claimed that his individual and community funds were used in the payment of premiums on the policy and that he was entitled to a community interest in the

proceeds of the policy; that Claude Dillon made a similar claim; and that the appellant could not, with safety to its own interest, recognize any of the conflicting claims. The prayer of the cross-complaint was for a determination of the rights of the appellee and the cross-defendants to the fund paid into court, for an injunction against the bringing of other suits upon the policy, and for an allowance of costs and an attorneys' fee.

Upon the filing of the appellant's answer and cross-complaint, the court entered an order for the service of process on the cross-defendants, Maddox and Dillon, and enjoining them from prosecuting other suits upon the policy. Maddox filed a disclaimer, and Dillon failed to answer. The appellee moved for judgment by default against Dillon and for a judgment against the appellant for the amount due under the policy, and, in addition, for the 12 per cent penalty and attorney's fees provided by the statute of Arkansas in cases in which an insurance company has failed to pay the amount due upon a policy within the time specified in the policy. Section 7670 of the 1942 Supp. to Pope's Digest of the Statutes of Arkansas 1937. The court entered judgment against the appellant as prayed for by the appellee, including in the judgment the statutory penalty and an attorney's fee of $300, and required that the fund in the registry of the court be turned over to counsel for the appellee and be credited upon the judgment against the appellant. The court denied the appellant's request for an allowance for attorneys' fees. This appeal is from the judgment.

The appellant contends that the court erred (1) in including the statutory penalty and attorney's fees in the judgment, and (2) in denying an allowance of attorneys' fees to the appellant.

■■ The parties to the policy in suit were a citizen of California and a corporation of New York. The policy was payable in New York, was delivered in California, and matured in that State. In Business Men's Accident Ass'n of America v. Cowden, 131 Ark. 419, 199 S.W. 108, 112, the Supreme Court of Arkansas held that the statute providing for the 12 per cent penalty and a reasonable attorney's fee "was not intended to penalize a company for policies which were written and which matured in another state."[1] The Supreme

Court of the United States ruled in Ætna Life Ins. Co. v. Dunken, 266 U.S. 389, 399, 45 S.Ct. 129, 69 L.Ed. 342, that such a state statute cannot constitutionally be applied to contracts made by citizens of other states. The Arkansas statute upon which the District Court relied in awarding to the appellee the statutory penalty and attorney's fee is not applicable to the policy in suit. No such penalty or attorney's fee should have been included in the judgment appealed from.

■ We think that the appellant was entitled to an allowance for attorneys' fees out of the fund deposited in the registry of the court. The record discloses that the appellant was a disinterested stakeholder acting in good faith and on the advice of counsel, and that it had resisted payment of the appellee's claim only for the purpose of protecting itself against the claims of Maddox and Dillon, from whom the appellee had not been able to procure disclaimers. The Interpleader Act of 1936, 49 Stat. 1096, 28 U.S.C.A. § 41(26) (e), authorizes the procedure which the appellant adopted to protect itself against the danger of multiple liability and to convert the appellee's action upon the policy into a suit in interpleader. It is not conceivable to us that it makes any difference whether a disinterested stakeholder who is entitled to avail himself of the remedy of interpleader brings a separate suit and enjoins the claimants from bringing or proceeding with other actions, or whether he accomplishes exactly the same result by the means selected by the appellant in the instant case. If the appellant had brought an independent suit in interpleader, it would have been entitled to an allowance for attorneys' fees to be determined by the District Court and paid out of the fund in Court. Mutual Life Ins. Co. v. Bondurant, 6 Cir., 27 F.2d 464, 466; Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551, 557. There is no reason to penalize the appellant because it accomplished the same result in a different, but entirely legitimate, way. The amount to be allowed the appellant by the District Court as an attorneys' fee should not exceed what would have been allowed had the suit been an independent suit in interpleader.

The case is remanded with directions to modify the judgment in accordance with this opinion. When so modified, the judgment will stand affirmed. The costs of this appeal will be charged to the appellee.

---

[1] See, also, Inter-Ocean Casualty Co. v. Warfield, 173 Ark. 287, 292 S.W. 129.